GIBNEY, ANTHONY & FLAHERTY, LLP
Brian W. Brokate, Esq. (BB 5830)
John Macaluso, Esq. (JM 2058)
Walter-Michael Lee, Esq. (WL 0208)
Laura Pasternak, Esq. (LP 1656)
Maja Szumarska, Esq. (MS 0208)
665 Fifth Avenue
New York, New York 10022
(212) 688-5151
Attorneys for Plaintiff
Threeline Imports, Inc.

FILED
CLERK

2015 APR 23  PM 2: 37

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THREELINE IMPORTS, INC.

    Plaintiff,

    vs.

GRIGORIY VERNIKOV a/k/a "GREGORY
VERNIKOV", INTERPAGE INTERNATIONAL
INC. d/b/a "INTERPAGE CO."; and JOHN DOES
1-5 and XYZ COMPANIES,

    Defendants.

**CV 15       2333**

CIVIL CASE NO.:

**COMPLAINT**

COGAN, J.

Plaintiff, Threeline Imports, Inc. ("Plaintiff" or "Threeline"), through its attorneys, complaining of defendants Grigoriy Vernikov a/k/a "Gregory Vernikov" ("Vernikov") and Interpage International Inc. d/b/a "Interpage Co." ("Interpage"), and those John Does 1-5 and XYZ Companies acting in concert with them (hereinafter, together with Vernikov and Interpage, collectively referred to as "Defendants") hereby alleges as follows:

## STATEMENT OF THE CASE

1.     This is an action for injunctive relief, statutory damages, treble damages and/or profits, compensatory damages, pre-judgment interest, attorneys' fees, and costs for trademark counterfeiting and trademark infringement under the Lanham Act based on Defendants' importation, distribution, offering for sale and sale of merchandise bearing counterfeits and infringements of Threeline's federally registered trademarks.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over the claims in this action which relate to trademark counterfeiting and infringement pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

3.     Defendants are subject to the Court's jurisdiction because they have their principal place of business in the Eastern District of New York and have committed the acts complained of herein in this District.

4.     Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5.     Venue is proper in this Court pursuant 28 U.S.C. § 1391(b).

## THE PARTIES

6.     Threeline is a corporation organized under the laws of the State of New York with its principal place of business located at 14A 53rd Street, Brooklyn, NY 11232.

7.     Threeline is, in part, engaged in the business of importing and distributing throughout the United States, including within this Judicial District, a variety of specialty food products under multiple federally registered trademarks, including the one identified below.

8.     Specifically, Threeline has established a reputation and is well-known in local Russian, Ukrainian and similar ethnic markets and communities.

2

9.     Vernikov is the owner, operator and controlling force behind Interpage, residing at 8855 Bay Parkway #8D, Brooklyn, New York, 11214.

10.    Upon information and belief, Interpage is an unregistered corporation with a principal place of business located at 8855 Bay Parkway #8D, Brooklyn, New York, 11214.

11.    Interpage is engaged in the distribution of products bearing counterfeits of Threeline's federally registered trademark,, as defined and alleged below.

12.    Unidentified John Does 1-5 and XYZ Companies are, upon information and belief, individuals and/or business entities that are acting in concert with or are associated with Vernikov and Interpage's illegal activities, as alleged below.

13.    Threeline is presently unaware of the true names of John Does 1-5 and XYZ Companies.  Threeline will amend this Complaint upon discovery of the identities of such defendants.

14.    Defendants are and have been doing business in the City and State of New York and have purchased, sold and/or distributed merchandise wrongfully bearing counterfeits and infringements of Threeline's federally registered trademarks.

## SUMMARY OF THREELINE'S BUSINESS AND THREELINE'S FEDERALLY REGISTERED TRADEMARK

15.    Since June, 2006, Threeline has been, in part, engaged in the importing and distribution of high quality pre-packaged food products in this Judicial District and across the United States.

16.    Threeline sells and distributes its products to a variety food markets and similar retailers for sale to consumers.

17.    Threeline caters to Russian, Ukranian and similar ethnic markets and communities and, as a result, has developed a good reputation and is well-known within these circles.

18.    Threeline began to develop and use the Threeline Registered Trademark (defined below) while defendant Vernikov's was employed at Threeline.

19.    Threeline is the owner of all rights in and to the following trademark in the United States, which is valid and registered on the Principal Register of the United States Patent and Trademark Office (hereinafter collectively referred to as the "Threeline Registered Trademark"):

| Trademark | Registration Number | Registration Date | Class/Goods |
|---|---|---|---|
|  | 4644787 | November 25, 2014 | (Int'l Class : 30) Noodles; Pasta and noodles. |

20.    The Threeline Registered Trademark is used in connection with the import and distribution of quality food products in the categories identified above. A copy of the Threeline Registered Trademark, as obtained from the United States Patent and TradeMark Office's online trademark database, is attached hereto as **Exhibit 1** and incorporated herein by reference.

21.    The Threeline Registered Trademark has been used in interstate commerce to identify and distinguish certain Threeline high quality food products for several years. As a result, Threeline has developed a good reputation and consumers associated the Threeline Registered Trademark with Threeline. A true and correct photograph of one of Threeline's products bearing the Threeline Registered Trademark ("Authorized Threeline Products") is attached hereto as **Exhibit 2**.

22.     Threeline has extensively used, advertised, and promoted the Threeline Registered Trademark in the United States in association with the sale of high quality food products and has carefully monitored and policed the use of the Threeline Registered Trademark.

23.     As a result of Threeline's efforts, members of the consuming public readily identify merchandise bearing the Threeline Registered Trademark as being high quality food products which are sponsored, approved and manufactured by Threeline.

24.     The Threeline Registered Trademark is a symbol of Threeline's quality, reputation, and goodwill and has never been abandoned.

25.     The Threeline Registered Trademark has never been assigned or licensed to any of the Defendants in this action.

26.     At all times relevant hereto, the Defendants in this action had full knowledge of Threeline's ownership of the Threeline Registered Trademark, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

## DEFENDANTS' COUNTERFEITING AND INFRINGING ACTIVITIES

27.     Defendants have infringed and threaten to further infringe the Threeline Registered Trademark by importing, manufacturing, advertising, promoting, distributing, offering for sale and/or selling unauthorized products which bear simulations and unauthorized copies of the Threeline Registered Trademark.

28.     Long after Threeline's adoption and use of the Threeline Registered Trademark on certain food products, specifically pasta and noodles, and long after Threeline's federal registration of its trademark, Defendants began to import, manufacture, advertise, promote,

distribute, offer for sale and sell similar food products bearing counterfeits and infringements of the Threeline Registered Trademark ("Counterfeit Products"). See Exhibits 3-4 attached hereto.

29.     Upon information and belief, Vernikov is directly and personally engaging in the offer for sale, sale and distribution of products bearing counterfeits of Threeline's federally registered trademark, as defined and alleged below.

30.     Vernikov is a former employee of Threeline.

31.     Vernikov worked for Threeline beginning in August, 2009 through April, 2013 as a buyer/manager, tasked with keeping control of all of Threeline's imports and shipments.

32.     On or about March, 2015, Threeline discovered that Defendants were importing, manufacturing, distributing, selling and offering for sale Counterfeit Products.

33.     On March 12, 2015, Threeline received an email from Cargo-Partner GmbH, a shipping company, informing them that certain cargo ordered by Vernikov was arriving in New York on April 2, 2015.   Upon information and belief, such cargo contained Counterfeit Products.

34.     The packaging of Defendant's Countefeit Products is essentially identical to the packaging used by Threeline on its Authorized Threeline Products. See Exhibits 2-3.

35.     The back of the Counterfeit Product states the following: "Manufactured for Interpage Co., 8855 Bay Parkway #8D, Brooklyn, NY 11214, Phone (347)-492-7018  (917) 975-4108, E-Mail gvernikov2@gmail.com" ("Defendants Contact Information").

36.     On or about March 20, 2015, Threeline's corporate counsel sent Defendants a cease and desist letter via Federal Express and electronic mail to the address listed in Defendants Contact Information.

37.     Defendants did not respond to the March 20, 2015 letter.

38.     On April 10, 2015, counsel for Threeline send Defendant a second cease and desist letter via Hand Delivery to the address listed in Defendants' Contact Information.

39.     The April 10, 2015 letter was hand delivered to woman at such address who identified herself as "Victoria". Upon information and belief, "Victoria" is defendant Vernikov's wife.

40.     On April 13, 2015, counsel for Threeline called the phone numbers listed in Defendants' Contact Information and spoke with defendant Vernikov.

41.     During this telephone conversation, Vernikov acknowledged receipt of the April 10, 2015 letter.

42.     The following day, defendant Vernikov, from the email address listed in the Defendants' Contact Information, wrote Threeline's counsel stating that he would answer the April 10, 2015 letter when time permitted after his counsel returned from vacation.

43.     On April 15, 2015, Threeline's counsel responded to Vernikov requesting that he provide the name and contact information for his attorney.

44.     On April 17, 2015, defendant Vernikov replied and refused to provide such information, simply stating that his attorney would contact Threeline's counsel after he returns from vacation.

45.     On April 16, 2015, counsel for Threeline purchased Defendants' Counterfeit Product from two (2) separate markets, the Brighton Bazaar, located at 1007 Brighton Beach Avenue, Brooklyn, NY 11235, and the Golden Key II, located at 1067 Brighton Beach Avenue, Brooklyn, NY 11235. Attached hereto as **Exhibit 3** is a photograph of the purchased Counterfeit Products and their corresponding receipts of purchase.

46.     On April 20, 2015, counsel for Threeline purchased Defendants' Counterfeit Product from Peca Inc. d/b/a Gastronom Arkadia, a market located at 1079 Brighton Beach

Avenue, Brooklyn, NY 11235. Attached hereto as **Exhibit 4** is a photograph of the purchased Counterfeit Product and its corresponding receipt of purchase.

47.     Upon information and belief, despite receipt of notice of Threeline's objection to Defendants' sale of Counterfeit Products, Defendants have taken no action to prevent the continued sale of Counterfeit Products.

48.     Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringement of the Threeline Registered Trademark, are in total disregard of Threeline's rights and were commenced and have continued in spite of Defendants' knowledge that the use of the Threeline Registered Trademark, or copies or colorable imitation thereof, was and is in direct contravention of Threeline's rights.

49.     The use by Defendants of copies of the Threeline Registered Trademark has been without Threeline's consent, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does create the impression that the goods sold by Defendants are authorized, sponsored, or approved by Threeline when, in fact, they are not.

## SUMMARY OF DEFENDANTS' ILLEGAL ACTIVITES

50.     Defendants intentionally, maliciously and willfully manufactured, imported, sold, offered for sale, distributed, promoted and/or advertised merchandise bearing counterfeits of the Threeline Registered Trademark, despite knowledge that such sales were unauthorized and illegal.

51.     Defendants' acts were calculated to confuse and to deceive the public and are performed with full knowledge of Threeline's rights.

52.     Defendants are not now, nor have they ever been, associated, affiliated, connected with, endorsed or sanctioned by Threeline.

53.    Threeline has never authorized or consented in any way to the use by Defendants of the Threeline Registered Trademark or marks confusingly similar thereto.

54.    Defendants' use of the Threeline Registered Trademark or marks substantially indistinguishable and/or confusingly similar thereto in connection with Defendants' products is likely to cause consumers, the public and the trade to erroneously believe that the products provided by Defendants emanate or originate from Threeline, and/or that said products are authorized, sponsored, or approved by Threeline, even though they are not.  This confusion causes irreparable harm to Threeline and weakens and dilutes the distinctive quality of the Threeline Registered Trademark.

55.    By using counterfeits and infringements of the Threeline Registered Trademark on their products, Defendants are trading on the goodwill and reputation of Threeline and creating the false impression that Defendants' products are affiliated with Threeline.

56.    Defendants have been unjustly enriched by illegally using and misappropriating Threeline's intellectual property for their own financial gain.  Furthermore, Defendants have unfairly benefited and profited from Threeline's reputation for high quality food products and Threeline's advertising and promotion of its products.

57.    Threeline has no control over the nature and quality of the products sold by Defendants, which bear counterfeits and infringements of the Threeline Registered Trademark.

58.    Among other things, Defendants' promotion, advertisement, distribution and sale of the Counterfeit Products have and will reflect adversely on Threeline as the believed source of origin thereof, and will hamper continuing efforts by Threeline to protect its reputation for high quality food goods, as well as tarnish the goodwill and demand for genuine Threeline products.

59.     Upon information and belief, Defendants have acted with reckless disregard for Threeline's rights and/or were willfully blind in connection with unlawful activities.  Upon information and belief, Defendants have willfully and maliciously engaged in infringing activities. Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

60.     Threeline has suffered irreparable harm and damages as a result of Defendants' conduct.  The injuries and damages sustained by Threeline have been directly and proximately caused by the Defendants' wrongful importation, advertisement, manufacture, promotion, distribution, offer of sale and/or sale of their goods bearing counterfeits and/or infringements of the Threeline Registered Trademark.

61.     Threeline has no adequate remedy at law.

62.     Defendants' wrongful acts will continue unless enjoined by the Court. Accordingly, Defendants must be restrained and enjoined from any further counterfeiting or infringement of the Threeline Registered Trademark.

## COUNT I

## TRADEMARK COUNTERFEITING  (15 U.S.C. § 1114)

63.     Threeline incorporates, readopts and re-alleges the allegations set forth in paragraphs 1 – 62 above.

64.     Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the Threeline Registered Trademark on goods covered by the registration for the Threeline Registered Trademark.

65.     Defendants have intentionally and willfully used these spurious designations knowing they are counterfeit in connection with the importation, advertisement, promotion, sale, offer for sale and distribution of goods for their own personal financial gain and such intentional and willful conduct by the Defendants makes this an exceptional case.

66.     Defendants' use of the Threeline Registered Trademark to import, advertise, promote, offer for sale, distribute and/or sell merchandise bearing counterfeits was and is without the consent of Threeline.

67.     Defendants' unauthorized use of the Threeline Registered Trademark on and in connection with their importation, advertisement, promotion, distribution, offer for sale and/or sale of merchandise constitutes Defendants' use of the Threeline Registered Trademark in commerce.

68.     Defendants' unauthorized use of the Threeline Registered Trademark as set forth above is likely to:

     a.  cause confusion, mistake and deception;

     b.  cause the public to believe that their merchandise is the same as Threeline's merchandise and/or that they are authorized, sponsored or approved by Threeline or that they are affiliated, connected or associated with or in some way related to Threeline; and

     c.  result in Defendants unfairly benefiting from Threeline's advertising and promotion and profiting from the reputation of Threeline and its Threeline Registered Trademark, all to the substantial and irreparable injury of the public, Threeline and the Threeline Registered Trademark and the goodwill represented thereby.

69.     Defendants' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

70.     By reason of the foregoing, Defendants are liable to Threeline for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Threeline's election, an amount representing three

(3) times Threeline's damages and/or Defendants' illicit profits; and (b) reasonable attorneys' fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

## COUNT II

## TRADEMARK INFRINGEMENT  (15 U.S.C. §1114)

71.     Threeline incorporates, readopts and re-alleges the allegations set forth in paragraphs 1 – 70 above.

72.     The Threeline Registered Trademark is suggestive and associated in the mind of the consuming public with Threeline.

73.     Defendants use the Threeline Registered Trademark in connection with their importation, sale, offer for sale, distribution, promotion and/or advertisement of goods bearing infringements and/or counterfeits of the Threeline Registered Trademark.   Defendants' activities constitute Defendants' use in commerce of the Threeline Registered Trademark.

74.     Defendants have used the Threeline Registered Trademark without Threeline's consent or authorization. Defendants' use, including the importation, offer for sale, sale and distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the minds of the public, leading the public to believe that Defendants' products emanate or originate from Threeline, or that Threeline has approved, sponsored or otherwise associated itself with Defendants, which is false.

75.     Defendants' use of the Threeline Registered Trademark has been without the consent of Threeline, is likely to cause confusion and mistake in the minds of the public and, in particular, tends to and does falsely create the impression that the goods advertised, promoted, distributed, offered for sale and sold by Defendants are warranted, authorized, sponsored or approved by Threeline when, in fact, they are not.

76.     Defendants' unauthorized use of the Threeline Registered Trademark has resulted in Defendants unfairly benefiting from Threeline's advertising and promotion, and profiting from the reputation of Threeline and the Threeline Registered Trademark, to the substantial and irreparable injury of the public, Threeline and the Threeline Registered Trademark and the goodwill represented thereby.

77.     Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

78.     By reason of the foregoing, Defendants are liable to Threeline for: (a) an amount representing three (3) times Threeline's damages and/or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## **PRAYER FOR RELIEF**

WHEREFORE, Threeline respectfully requests that the Court order the following relief:

I.     That a preliminary and permanent injunction be issued enjoining and restraining Defendants and their officers, agents, servants, employees and attorneys and all other persons in privity or acting in concert or participation with them, from:

     a.   using any reproduction, counterfeit, copy, or colorable imitation of plaintiff Threeline Imports, Inc.'s ("Threeline") federally registered trademark, United States Patent and Trademark Office Registration No. 4644787 (hereinafter, "Threeline Registered Trademark"), to identify any goods or the rendering of any services not authorized by Threeline;

     b.   using a false description or representation including words or other symbols tending to falsely describe or represent their unauthorized goods as being

those of Threeline or sponsored by or associated with Threeline and from offering such goods in commerce;

c.  further infringing the Threeline Registered Trademark by importing, exporting, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Threeline bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Threeline Registered Trademark;

d.  using any simulation, reproduction, counterfeit, copy or colorable imitation of the Threeline Registered Trademark in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Threeline, or to any goods sold, manufactured, sponsored or approved by, or connected with Threeline;

e.  making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Threeline, or are provided, sold, manufactured, licensed, sponsored, approved or authorized by Threeline;

f.  secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any

information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Threeline Registered Trademark; and

g. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (f).

II.     That Defendants recall all Counterfeit Products, and any other products bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Threeline Registered Trademark, from any retailer, distributor, wholesaler, and/or warehouse/storage facility to whom Defendants have sold or where Defendants store such merchandise.

III.    That Defendants, within thirty (30) days of judgment, file and serve Threeline with a sworn statement setting forth in detail the manner and form in which they have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

IV.     Directing that Defendants deliver up for destruction to Threeline all unauthorized products and advertisements in their possession or under their control bearing the Threeline Registered Trademark or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. §1118.

V.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Threeline or related in any way to Threeline's products.

VI.     Due to the advertising injury caused to Threeline, Defendants be required to deliver to Threeline for destruction, all goods that were being advertised, promoted or offered for sale, as well as any and all catalogs, circulars, or other printed material in their possession or control displaying or promoting the infringing goods that were or are being advertised, promoted, or offered for sale.

VII.    Requiring Defendants to pay to Threeline such damages as Threeline has sustained as a consequence of Defendants' infringement of the Threeline Registered Trademark and to account for all gains, profits and advantages derived by Defendants from the sale of their infringing merchandise bearing the Threeline Registered Trademark and that the award to Threeline be trebled as provided for under 15 U.S.C. §1117; alternatively, that Threeline be awarded statutory damages pursuant to 15 U.S.C. §1117 (c) of up to $2,000,000 for each trademark that Defendants have willfully counterfeited and infringed.

VIII.   Ordering that Threeline recover the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. §1117.

IX.     Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Threeline.

X.      Directing that this Court retain jurisdiction of this action for the purpose of enabling Threeline to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

XI.     Awarding to Threeline such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Threeline has incurred in connection with this action.


                                        GIBNEY, ANTHONY & FLAHERTY, LLP

Dated: New York, New York               By: _John Macaluso_____
       April 22, 2015                        John Macaluso (JM 2058)
                                             665 Fifth Avenue
                                             New York, NY 10022
                                             (212) 688-5151
                                             Attorneys for the Plaintiff
                                             Threeline Imports, Inc.

Case 1:15-cv-02353-BMC   Document 1   Filed 04/23/15   Page 19 of 30 PageID #: 19



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Apr 22 03:21:33 EDT 2015*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Goods and Services** | IC 030. US 046. G & S: Noodles; Pasta and noodles. FIRST USE: 20130412. FIRST USE IN COMMERCE: 20130412 |
| **Mark Drawing Code** | (2) DESIGN ONLY |
| **Design Search Code** | 03.15.03 - Chickens, hens, roosters; Chicks; Hens; Rooster<br>08.13.02 - Eggs, in shell<br>29.03.01 - Red or pink (single color used on a portion of the goods)<br>29.03.08 - Yellow or gold (single color used on a portion of the goods)<br>29.03.09 - White (single color used on a portion of the goods)<br>29.06.02 - Brown (multiple colors used on a portion of the goods)<br>29.06.11 - Black (Multiple colors used on a portion of the goods) |
| **Serial Number** | 86253209 |
| **Filing Date** | April 15, 2014 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 9, 2014 |
| **Registration Number** | **4644787** |
| **Registration Date** | November 25, 2014 |
| **Owner** | (REGISTRANT) Threeline Imports, Inc. CORPORATION NEW YORK 14'A' 53rd Street Brooklyn NEW YORK 11232 |
| **Attorney of Record** | Alexander Kerzhner, Esquire |

| | |
|---|---|
| **Description of Mark** | The color(s) red, yellow, white, brown, black, beige is/are claimed as a feature of the mark. The mark consists of an image of a chicken with a red comb and wattle and yellow, white, brown, black and beige wings and feathers, facing to the left toward two whole white eggs, one whole brown egg and one cracked brown egg. The whole brown egg is situated directly in front and in the middle of the two whole white eggs and the cracked brown egg is situated directly to the left of the two whole white eggs and one whole brown egg. There is a yellow yolk appearing from the cracked brown egg. The background of the entire mark is yellow at the top and fading to white at the bottom. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY







Brighton Bazaar
1007 Brighton Beach Ave.
Brooklyn, New York 11235
718-769-1700

Thu. 04/16/2015 09:12AM
Register:3 Trans#:40
- - - - - - - - - - - - - - - - - - - - - - -
pasta                          2.19   F

Items:1      SubTotal:   2.19
             Taxes:      0.00
   Total:            2.19
   Change:        18.01

Tender: Cash-20.20

You've Been Served By Nady

Golden Key II
1067 Brighton Beach Avenue
Brooklyn, NY  11235
(718) 743-5841
DATE 04/16/15 THU   TIME 09:13

Grocery                     $2.79
TOTAL                       $2.79
CASH                        $2.79
           CALL AGAIN
CLERK 1          162904   00000

Egg Pasta

Pasta from pure
Durum Wheat Semolina
Made in Germany

with
fresh eggs
from
cage-free
chicken
Egg Content 20%

Net Wt. 17.6 oz (500 g)

$2.19¢

Egg Pasta

Pasta from pure
Durum Wheat Semolina
Made in Germany

with
fresh eggs
from
cage-free
chicken

Net Wt. 17.6 oz (500 g)

Brighton Bazaar
1007 Brighton Beach Ave.
Brooklyn, New York 11235
718-769-1700

Thu,04/16/2015 09:12AM
Register:3 Trans#:40
- - - - - - - - - - - - - - - - - -
pasta                    2.19    F

Items:1      SubTotal:  2.19
              Taxes:   0.00
  **Total:**      **2.19**
  **Change:**    **18.01**

Tender: Cash-20.20

You've Been Served By Nady

**Golden Key II**
1067 Brighton Beach Avenue
Brooklyn, NY  11235
(718) 743-5841
DATE 04/16/2015 THU    TIME 09:13

Grocery                    $2.79
TOTAL                      $2.79
CASH                       $2.79

        **CALL AGAIN**
CLERK 1        162904    00000



Manufactured for **Interpage Co.**
8855 Bay Parkway #8D
Brooklyn, NY 11214
Phone (347)-492-7018
(917)-975-4108
E-Mail gvernikov2@gmail.com

**Fadennudeln**

Egg pasta.
Ingredients: durum
wheat semolina,
fresh eggs.

Best before see
print on package.

Product of
Germany.

Net weight
17.6 oz (500 g)

## Nutrition Facts
Serving Size 2 oz dry (56g)
Servings Per Container about 9

**Amount Per Serving**

**Calories** 200
Calories from Fat 20

|  |  | % Daily Value* |
|---|---|---|
| **Total Fat** 2g |  | **3%** |
| Saturated Fat 1g |  | **5%** |
| Trans Fat 0g |  |  |
| **Cholesterol** 55mg |  | **18%** |
| **Sodium** 20mg |  | **1%** |
| **Total Carbohydrate** 39g |  | **13%** |
| Dietary Fiber 2g |  | **8%** |
| Sugars 0g |  |  |
| **Protein** 8g |  |  |

| Vitamin A 0% | • | Vitamin C 0% |
| Calcium 2% | • | Iron 4% |

* Percent Daily Values are based on
2,000 calorie diet.

Cooking time: 4-5 min



8  50307  00561  7



Manufactured for **Interpage Co.**
8855 Bay Parkway #8D
Brooklyn, NY 11214
Phone (347)-492-7018
(917)-975-4108
E-Mail gvernikov2@gmail.com

**Drelli**

Egg pasta.
Ingredients: durum
wheat semolina,
fresh eggs.

Best before see
print on package.

Product of
Germany.

Net weight
17.6 oz (500 g)

## Nutrition Facts
Serving Size 2 oz dry (56g)
Servings Per Container about 9

**Amount Per Serving**

**Calories** 200
Calories from Fat 20

|  |  | % Daily Value* |
|---|---|---|
| **Total Fat** 2g |  | **3%** |
| Saturated Fat 1g |  | **5%** |
| Trans Fat 0g |  |  |
| **Cholesterol** 55mg |  | **18%** |
| **Sodium** 20mg |  | **1%** |
| **Total Carbohydrate** 39g |  | **13%** |
| Dietary Fiber 2g |  | **8%** |
| Sugars 0g |  |  |
| **Protein** 8g |  |  |

| Vitamin A 0% | • | Vitamin C 0% |
| Calcium 2% | • | Iron 4% |

* Percent Daily Values are based on
2,000 calorie diet.

Cooking time: 10-12 min



8  50307  00574  7



