**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

THREELINE IMPORTS, INC.,                    **AMENDED**
                                            **PROPOSED JOINT**
Plaintiff and Counterclaim Defendant,       **PRE-TRIAL ORDER**

-against-
                                            Civil Case No.:
GRIGORIY VERNIKOV a/k/a "GREGORY            15-cv-2333 (AMD)(RML)
VERNIKOV", INTERPAGE INTERNATIONAL
INC. d/b/a "INTERPAGE CO."; and JOHN DOES
1-5 and XYZ COMPANIES,

Defendants and Counterclaim Plaintiffs.
-----------------------------------------------------------------------X

The parties to the above-captioned action submit this Proposed Joint Pre-Trial

Order pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Court's Individual Rules.

**i.      The Full Caption of the Action:**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

THREELINE IMPORTS, INC.,

Plaintiff and Counterclaim Defendant,

-against-                                   Civil Case No.:
                                            15-cv-2333 (AMD)(RML)
GRIGORIY VERNIKOV a/k/a "GREGORY
VERNIKOV", INTERPAGE INTERNATIONAL
INC. d/b/a "INTERPAGE CO."; and JOHN DOES
1-5 and XYZ COMPANIES,

Defendants and Counterclaim Plaintiffs.
-----------------------------------------------------------------------X

**ii.     Contact Information for Trial Counsel:**

Attorneys for Plaintiff Threeline Imports, Inc.

Anthony R. Filosa, Esq.
David I. Rosenberg, Esq.

Rosenberg Fortuna & Laitman, LLP
666 Old Country Road, Suite 810
Garden City, New York 11530
Telephone: (516) 228-6666
Facsimile:   (516) 228-6672
anthony@rosenbergfortuna.com
david@rosenbergfortuna.com

Attorneys for Defendants
Grigoriy Vernikov a/k/a Gregory Vernikov
and Interpage International Inc. d/b/a
Interpage Co.

Jason M. Drangel, Esq.
Ashly E. Sands, Esq.
Spencer J. Wolgang, Esq.
Epstein Drangel LLP
60 East 42nd Street, Suite 2520
New York, New York 10155
Telephone:  (212) 292-5390
Facsimile:   (212) 292-5391
jdrangel@ipcounselors.com
asands@ipcounselors.com
swolgang@ipcounselors.com

and

Inna Vernikov, Esq.
Law Offices of Inna Vernikov PLLC
25 Broadway, 9th fl.
New York, NY 10004
Telephone: (212) 729-3497
Facsimile: (212) 729-3641
inna@vmlawnyc.com

### iii.    Jurisdiction:

**Plaintiff**

This is an action for injunctive relief, statutory damages, treble damages and/or profits,

compensatory damages, pre-judgment interest, attorneys' fees and costs for trademark

counterfeiting and trademark infringement under the Lanham Act.  This Court has subject matter

jurisdiction over Plaintiff's claims in this action, which relate to trademark counterfeiting and infringement, pursuant to the provisions of 28 U.S.C. §§1331 and 1338 and 15 U.S.C. §1121.

### Defendants

Defendants brought counterclaims for trademark infringement, false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); for copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.; and for related state and common law claims.[1] This Court has Federal subject matter jurisdiction over the counterclaims asserted by Defendants in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 et seq. and the Copyright Act, 17 U.S.C. §§ 101 et seq.; pursuant to 15 U.S.C. § 1121; and pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a).

### iv.    (a)    Brief Summary of Claims and Defenses:

### Threeline's Summary:

Since June, 2006, Plaintiff Threeline Imports, Inc. ("**Threeline**") has been engaged in the importing and distribution of high quality, pre-packaged food products in this judicial district and across the United States.  Threeline in the registered owner of all rights in and to the "Chicken and Egg" trademark at issue herein, bearing Registration No. 4644787, as registered on the Principal Register of the United States Patent and Trademark Office on November 25, 2014 (the "**Threeline Registered Trademark**").  Threeline filed for federal registration of the Threeline Registered

---

[1] Defendants' counterclaim for copyright infringement and so much of defendants' state and common law counterclaims as pertain to the alleged copyright were dismissed by the Court in its Memorandum and Order dated October 28, 2016.

Trademark with the United States Patent and Trademark Office on April 15, 2014 and received registration under Registration No. 4644878 on November 25, 2014. This federal registration provides *prima facie* evidence of both the validity of the mark and Threeline's ownership of such mark. See 15 U.S.C. §1115(a). Thus, in order to rebut the presumption that Threeline is the owner of the Threeline Registered Trademark, the defendants must "show by a preponderance of the evidence that they were using the mark in commerce before plaintiff and that such use was made in a way sufficiently public to identify or distinguish the marked goods an appropriate segment of the public mind as those of the adopter of the mark", i.e., of defendant Interpage. Windows User, Inc. v. Read Bus. Pub. Ltd., 795 F. Supp. 103, 108 (S.D.N.Y. 1992).

Threeline began to develop the Threeline Registered Trademark in 2012. Threeline has used the Threeline Registered Trademark in commerce since at least December, 2012/January, 2013 in connection with Threeline's purchase and sale of pasta and noodle products manufactured by ALB-GOLD Teigwaren GmbH ("**ALB-GOLD**"), a German pasta manufacturer. Defendant Grigory Vernikov ("**Vernikov**") was a full time salaried employee of Threeline when Threeline first developed the Threeline Registered Trademark and first used the Threeline Registered Trademark in commerce. Vernikov worked as a full time salaried employee for Threeline beginning in August, 2009 through on or about April 20, 2013 as a buyer/manager.

Threeline has used the Threeline Registered Trademark in interstate commerce continuously and without interruption to identify and distinguish certain Threeline high quality food products, namely, pasta and noodles, and, as a result thereof, Threeline has developed a good reputation and consumers associated the Threeline Registered Trademark with Threeline. The contents of the first two (2) containers of ALB-GOLD pasta product, which bore the Threeline Registered Trademark, was paid for by Threeline and was delivered to and stored at Threeline's

warehouse in January, 2013. Commencing in January, 2013 and continuing without interruption thereafter, Threeline sold the contents of the first two (2) containers of the ALB-GOLD pasta product bearing the Threeline Registered Trademark to Threeline's customers. Vernikov received no fee, commission or any other compensation from Threeline or ALB-GOLD in connection with Threeline's purchase and sale of the first two (2) containers of the ALB-GOLD pasta product bearing the Threeline Registered Trademark.

Vernikov left Threeline's employment on or about April 20, 2013. Defendants intentionally, maliciously and willfully manufactured, imported, sold, offered for sale, distributed, promoted and/or advertised merchandise bearing counterfeits of the Threeline Registered Trademark, despite knowledge that such sales were unauthorized and illegal. Namely, in or about March, 2015, Threeline discovered that Defendants were importing, manufacturing, distributing, selling and offering for sale similar food pasta and noodle products bearing counterfeits and infringements of the Threeline Registered Trademark, in the form of pasta and noodle products bearing the identical image depicted in the Threeline Registered Trademark (the "**Counterfeit Products**"). Threeline has never authorized or consented in any way to the use by Defendants of the Threeline Registered Trademark or marks confusingly similar thereto. At all times relevant hereto, the Defendants had full knowledge of Threeline's ownership of the Threeline Registered Trademark, including Threeline's exclusive right to use and license the Threeline Registered Trademark and the goodwill associated therewith.

On or about March 20, 2015, Threeline's corporate counsel sent Defendants a cease and desist letter to which Defendants did not respond. On April 10, 2015, counsel for Threeline sent Defendants a second cease and desist letter via hand delivery to the mailing address identified for Defendants on the Counterfeit Products. On April 13, 2015, counsel for Threeline spoke with

Vernikov, who acknowledged receipt of the April 10, 2015 letter.  On April 16, 2015, counsel for Threeline purchased Defendants' Counterfeit Products from two (2) separate markets in Brooklyn, New York.  On April 20, 2015, counsel for Threeline purchased Defendants' Counterfeit Products from a third market in Brooklyn, New York.  Plaintiff commenced this action on April 23, 2015.

Threeline's first cause of action is for trademark counterfeiting pursuant to 15 U.S.C. §1114 in that Defendants have intentionally and willfully used spurious designations that are identical with or substantially indistinguishable from the Threeline Registered Trademark on goods covered by the registration for the Threeline Registered Trademark and that such unauthorized use of the Threeline Registered Trademark is likely to cause confusion, cause the public to believe that Defendants' merchandise is the same as Threeline's merchandise and result in Defendants unfairly benefiting from Threeline's reputation and the Threeline Registered Trademark.  The Lanham Act defines as counterfeit "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark".  Louis Vuitton Malletier, S.A. v. LY USA, Inc., 472 Fed. Appx. 19, 22 (2d Cir. 2012).  Here, it is uncontroverted that the products sold by defendants are counterfeit bags of pasta and noodles containing the Threeline Registered Trademark, and that the defendants sold and distributed these items. A simple side-by-side comparison of the pasta product bag bearing the Threeline Registered Trademark and the pasta product bag for the pasta products sold by defendants reveals that the chicken and egg images are identical. Liability is established under Section 32 of the Lanham Act where defendants' actions are likely to cause confusion. See Arrow Fastener v. Stanley Works, 59 F.3d 384, 390 (2d Cir. 1995). Counterfeits, by their very nature, cause confusion.  See Danone Asia PT v. Happy Dragon Wholesale, Inc., No. CV-05-1611 (CPS) 2006 WL 845573 at *4 (E.D.N.Y. March 29, 2006).

Threeline's second cause of action is for trademark infringement pursuant to 15 U.S.C.

§1114 in that Defendants, without Threeline's consent or authorization, have used the Threeline Registered Trademark in connection with Defendants' importation, sale, offer for sale, distribution, promotion and/or advertisement of goods bearing infringement and/or counterfeits of the Threeline Registered Trademark and is likely to confuse consumers as to the source of the product. To state a *prima facie* case of trademark infringement under 15 U.S.C. §1114, a plaintiff is required to show the use of its trademark by another in a way that is likely to confuse consumers as to the source of the product. See <u>Lois Sportswear, USA, Inc. v. Levi Strauss & Co.</u>, 799 F.2d 867, 871 (2d Cir. 1986). Threeline is the owner of the Threeline Registered Trademark both by virtue of the presumption of ownership conferred by Threeline's prior federal registration of the mark and by virtue of the fact that the trademark was created and first used in commerce by Threeline. As discussed above, given the substantial similarity between the two marks, defendants' use is likely to create confusion.

Threeline also seeks to permanently enjoin defendants from future infringement and counterfeiting of the Threeline Registered Trademark, as is more fully set forth in Threeline's Complaint, pursuant to 15 U.S.C. §1116. "To obtain a permanent injunction, plaintiff must demonstrate: (i) actual success on the merits; and (ii) irreparable harm." <u>Danone Asia PT</u>, 2006 WL 845573 at *4 (E.D.N.Y. March 29, 2006). Proof of likelihood of confusion establishes both likelihood of success on the merits and irreparable harm. <u>Brennans, Inc. v. Bennan's Rest.</u>, 360 F.3d 125, 129 (2d Cir. 2004). Accordingly, Threeline is entitled to a permanent injunction.

The statutes relied upon Threeline are as follows:

Trademark Counterfeiting - 15 U.S.C. §1114

Trademark Infringement - 15 U.S.C §1114

Statutory Damages - 15 U.S.C. §1117

Reasonable Attorneys' Fees - 15 U.S.C. §1117(b)

Permanent Injunction - 15 U.S.C. §1116

Destruction of Infringing Articles - 15 U.S.C. §1118

Counterfeit Marks - 15 U.S.C. §1116(d)

Treble Damages - 15 U.S.C. §1117

Registration on Principal Register as Evidence of Exclusive Right to Use Mark - 15 U.S.C. §1115.

Exceptions to bankruptcy discharge - 11 U.S.C. §523(a)(6) and 11 U.S.C §727.

**Defendants' Defenses:**

1. Defendants, not Plaintiff created, owns and first used the Chicken & Egg Trademark.

2. Defendants, not Plaintiff, are the recognized source of Interpage Pasta Products bearing the Chicken & Egg Trademark.

3. Plaintiff's claims are barred by unclean hands, acquiescence and laches. Plaintiff knew of Defendants ownership and continuous and uninterrupted use of the Chicken & Egg Trademark since 2012 and failed to object until Plaintiff's March 20, 2015 cease and desist letter.

4. There can be no claim of counterfeiting or infringement, and therefore no damages, for Interpage Pasta Products purchased from manufacturer ALB-Gold pursuant to the ALB-Gold agreement and the Lanham Act specifically excludes from its definition of a counterfeit mark any mark or designation for which the producer or manufacturer was, at the time of the manufacture or production, authorized to use the mark.

5. Plaintiff is entitled to no damages since statutory notice of a federal registration is required

to recover damages and other monetary relief in a lawsuit for trademark infringement under the Lanham Act where there was no actual notice of the registration. Section 29 of the Lanham Act. Lanham Act Section 35(a) requires that a registrant cannot avoid the statutory requirements of Section 29 by alleging damages under Lanham Act Section 43(a). The Threeline Registered Trademark did not appear on the Threeline pasta product with a federal registration notice and Defendants did not receive notice of federal registration until the warning letter in March, 2015, a month prior to the injunction.

6. Defendants incorporate by this reference all defenses and affirmative defenses asserted by Defendants in Defendants' Answer. [ECF No. 19].

**Defendants' Claims:**

### *Defendants' Trademark Infringement Claims*

In order to prevail on a trademark infringement claim, a plaintiff must prove that it "has a valid mark . . . and that the defendant's use of it is likely to cause confusion." *Chere Amie, Inc. v. Windstar Apparel, Corp.*, 2002 U.S. Dist. LEXIS 4950, at *10 (S.D.N.Y. 2002) (internal citations omitted). Prior to engaging in an analysis of the elements of this test, "plaintiff must [first] demonstrate its own right to use the mark or dress in question." *Haggar Int'l Corp. v. United Co. for Food Indus. Corp.*, 906 F. Supp. 2d 96, 105 (E.D.N.Y. 2012) (quoting *ITC Limited v. Punchgini, Inc.*, 482 F.3d 135, 154 (2d Cir. 2007) (citing cases)). "Plaintiff must show priority of right over defendants in order to be entitled to relief." *Id.* (internal citation omitted).

Neither party disputes that the first use of the Chicken & Egg Trademark was on the label affixed to the ALB-Gold Pasta Product. The only dispute is whether this was Defendants' first use or Plaintiff's. When both parties are relying upon the same use of the mark to establish priority over the other, the dispute centers, in part, on the ownership of the mark. *See, e.g., Tactica Int'l v.*

*Atl. Horizon Int'l*, 154 F. Supp. 2d 586 (S.D.N.Y. 2001) (finding that a dispute between two parties that worked together to develop various products boiled down to who owned the trademark rights to the beauty product names in the United States).

The evidence at trial will show that: (1) Defendant Interpage entered into an exclusive distribution agreement with ALB-Gold ("ALB-Gold Agreement") with Threeline's knowledge; (2) pursuant to the terms of the ALB-Gold Agreement Defendants, as cosignee, imported and sold ALB-Gold manufactured pasta in packaging identifying "Interpage Co." as the source and bearing the Chicken & Egg Trademark, Interpage UPC code and DW Trademark ("Interpage Pasta Products"); (3) Plaintiff had knowledge that the DW Pasta Products bore the "Interpage Co." source identifying details, UPC code and DW Trademark prior to, during and after it sold the DW Pasta Products to retailers beginning in early 2013 and never challenged said use or sought to prevent it for two (2) years; and (4) Defendants, not Plaintiff, designed the Chicken & Egg Trademark. As such, Defendants, not Plaintiff, own the Chicken & Egg Trademark.

Defendant Interpage, not Threeline, has priority trademark rights in the Chicken & Egg Trademark through prior, continuous use and sales of Interpage Pasta Products prior to any alleged use of the Chicken & Egg Trademark by Threeline. The talismanic test for sufficient prior use of a mark in commerce is whether the mark was used "in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark." *Int'l Healthcare Exch., Inc. v. Glob. Healthcare Exch., LLC*, 470 F. Supp. 2d 365, 371 (S.D.N.Y. 2007) (citing *Housing & Servs. v. Minton*, 1997 U.S. Dist. LEXIS 8883, at *4 (S.D.N.Y. June 24, 1997)) (internal citation omitted). A trademark registration is prima facie evidence of the trademark's validity, of the registrant's ownership of the mark, and of registrant's exclusive right to use the mark in commerce "on or in connection with the goods or services

10

specified in the registration." See 15 U.S.C. § 1115(a); see also *Chere Amie, Inc. v. Windstar Apparel, Corp.*, 191 F. Supp. 2d 343, 347 (S.D.N.Y. 2001) (citing *Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999); *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867, 871 (2d Cir. 1986)).

However, as this Court noted in its Summary Judgment Decision of October 28, 2016 ("Order"), "the plaintiff must prove its use of the chicken and egg logo in commerce by December 2012 by 'clear and convincing evidence'". *Order, Pg. 17, fn. 14.* Defendants will prove at trial that the December 2012 first use of the Chicken & Egg Trademark belongs to Defendants as a result of its import, consignment and sale of the first two containers of Interpage Pasta Products to Threeline, a date well prior to Plaintiff's April 15, 2014 filing date for the Threeline Application and the alleged April 12, 2013 date of first use, now acknowledged by Threeline to be an incorrect date.

Use in commerce is determined "on a case by case basis, considering the totality of circumstances" surrounding the alleged use of the mark. *Id.*, at *12. The "use in commerce" standard requires that a "bona fide" commercial use be followed by "activities proving a continuous effort or intent to use the mark." *Id.* (citing *Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1156-57 (9th Cir. 2001) (citing *Avakoff v. S. Pac. Co.*, 765 F.2d 1097, 1098 (Fed. Cir. 1985)). The evidence will show that Defendants, as cosignee, imported and sold five (5) containers (i.e., almost 120,000 units) worth of DW Pasta Products that: (1) contained the Chicken & Egg Trademark; (2) conspicuously stated that such products were "Manufactured for Interpage Co." and otherwise identified Defendants as the source; (3) did not identify Threeline or any trademarks or brand names associated with Threeline; (4) bore the DW Trademark, a trademark identified with Interpage; and (5) Defendants' payment for, importation and consignment of, and subsequent

sale to Threeline, most certainly qualify as priority use of the Chicken & Egg Trademark, and its sales of the third, fourth and fifth containers of the Interpage Pasta Products show subsequent "deliberate and continuous" use of the Chicken & Egg Trademark by Defendants. See *La Societe Anonyme des Parfums Le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1271-1272 (2d Cir. 1974) ("a single use suffices to prove priority if the proponent demonstrates that his subsequent use was 'deliberate and continuous.'"). Accordingly, the evidence at trial will show that all sales of pasta containing the Chicken & Egg Trademark, notably, five (5) containers and almost 120,000 units worth prior to Plaintiff's April 15, 2014 filing date for the Threeline Application are attributable to Defendants, not Plaintiff. See *Chere Amie,* 2002 U.S. Dist. LEXIS 4950, at *5-6 (holding that defendant rebutted the presumption of the validity of the trademark by demonstrating that no commercial activity involving the mark transpired prior to registration and concluding that plaintiffs could not "rely on their registration to establish use in commerce.").

### Defendants' Unfair Competition Claim

In the event Defendants prevail on their trademark infringement claim, similarly Defendants should prevail on its unfair competition claim since "the analysis of a cause of action for unfair competition under New York law is essentially the same as that for a Lanham Act violation." *P&G v. Xetal, Inc.*, 2008 U.S. Dist. LEXIS 9603, 18-20 (E.D.N.Y. 2008).

### Defendants' Unjust Enrichment Claim

By virtue of the egregious and illegal acts of Threeline to be proven at trial, Threeline has been unjustly enriched in an amount to be proven at trial. Threeline's retention of monies gained through its deceptive business practices, infringement, acts of deceit and otherwise would serve to unjustly enrich Threeline and would be contrary to the interests of justice.

**Threeline's Defenses:**

1.    Threeline, not defendants, created, owns and first used the Chicken & Egg

12

Trademark.

2. Threeline, not defendants, are the recognized source of the products bearing the Chicken & Egg Trademark.

3. The Exclusive Sales and Importation Agreement dated as of January 1, 2013, executed with ALB-Gold ("**ALB-Gold Agreement**") cannot form a basis for defendants' claim of ownership to the Chicken & Egg Trademark since the ALB-Gold Agreement was executed by non-party Interpage Co., Inc. Defendants have admitted that at no time were defendants an officer, director, shareholder or otherwise affiliated with non-party Interpage Co., Inc. Non-party Interpage Co., Inc. is a New York business corporation organized in 2009 by non-party Roman Katsnelson, who is also a shareholder and officer of Threeline. Non-party Interpage Co., Inc., was organized for the purpose of expanding the business of Threeline.

4. Defendants claims are barred by unclean hands, acquiescence, laches, and defendants' abandonment of any alleged right, title or interest in the Chicken & Egg Trademark. Defendants were aware of Threeline's use in commerce of the Threeline Registered Trademark/Chicken & Egg Trademark since, at the latest, May or June 2014 and took no action with respect to the same. Defendants testified that in May or June 2014 defendants had no objection to Threeline using what defendants contend is defendants' Chicken & Egg Trademark.

5. Defendants cannot, as a matter of law, prove by a preponderance of the evidence that defendants were using the Chicken & Egg Trademark in commerce before Threeline and that such use was made in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public's mind as those of the adopter of the mark, i.e., as those of defendants.

6. Threeline did not misappropriate in bad faith the Chicken & Egg Trademark

13

and, hence, defendants' state law unfair competition claim must fail.

7.     Defendants had statutory and/or actual notice of Threeline's federal registration of the Threeline Registered Trademark.

8.     Threeline has not been enriched at the expense of defendants and, thus, the unjust enrichment counterclaim must fail.

9.     Defendants alleged loss of profits damages are speculative and, hence, may not be recovered.

10.     Threeline is not the proximate cause of any alleged damages to defendants.

11.     Threeline was not the proximate cause of ALB-Gold's cessation of sales of pasta products to defendants.

12.     Threeline's alleged dilution – which Threeline expressly denies – was not willful and, hence, defendants cannot recover monetary damages.

13.     Threeline's alleged conduct was not done in bad faith and, thus, defendants are not entitled to an award of either profits or damages under 15 U.S.C. §1117(a).

14.     Threeline's ownership of a valid registration for the Threeline Registered Trademark is an absolute bar to all of defendants' causes of action.

15.     Defendants alleged Chicken & Egg Trademark is not famous within the meaning of 15 U.S.C. §1125.

16.     Threeline did not willfully intend to trade on the recognition of defendants' alleged Chicken & Egg Trademark and, thus, may not be awarded any monetary relief. See 15 U.S.C. §1125.

17.     Threeline did not willfully intend to harm the reputation of defendants' alleged Chicken & Egg Trademark and, thus, may not be awarded any monetary relief. See 15

U.S.C. §1125.

18.     Threeline incorporates by this reference all defenses and affirmative defenses asserted by Threeline in Threeline's Answer to Counterclaims dated September 18, 2015. [ECF No. 43].

**v.     Damages:**

The determination of damages was agreed by the Parties and the Court to be bifurcated and determined after a trial on liability.    Thus, the parties reserve the right to supplement the "Damages" portion of this Joint Pre-Trial Order pursuant to any scheduling order issued by the Court regarding the trial as to damages.

Threeline seeks the following damages and other relief.

- On its first cause of action, Threeline seeks the following relief:   (a) statutory damages in the amount of up to $2,000,000.00 for each mark counterfeited as provided by 15 U.S.C. §1117(c) of the Lanham Act, or at Threeline's election, an amount representing three (3) times Threeline's damages and/or Defendants' illicit profits; and (b) reasonable attorneys' fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. §1117(b);

- On its second cause of action, Threeline seeks damages equal to:   (a) an amount representing three (3) times Threeline's damages and/or Defendants' illicit profits; and (b) reasonable attorneys' fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. §1117.

- On all causes of action, Threeline seeks a permanent injunction enjoining and restraining Defendants and all other persons in privity or acting in concert or participation with them from, *inter alia*, using any reproduction of the Threeline Registered Trademark to identify any goods or rendering any services not authorized by Threeline, further infringing the

15

Threeline Registered Trademark, that Defendants recall all Counterfeit Products, and that Defendants deliver up for destruction to Threeline all unauthorized products and advertisements in their possession or under their control bearing the Threeline Registered Trademark, all as is more fully described in the Complaint herein.

- On all causes of action, Threeline also seeks an order pursuant to 11 U.S.C. §523(a)(6) that Defendants be prohibited from a discharge under 11 U.S.C. §727 for a malicious, willful and fraudulent injury to Threeline.

- On all causes of action, reasonable attorneys' fees pursuant to 15 U.S.C. §1117 in an amount to be determined by the Court;

- On all causes of action, pre-judgment interest pursuant to 15 U.S.C. §1117.

From the documents obtained from Defendants and third parties during the course of discovery, Defendants' gross revenues from the sale of products bearing the Threeline Registered Trademark total at least $176,046.00.[2]  These revenues constitute one measure of Threeline's damages for the Defendants' willful infringement and counterfeiting of the Threeline Registered Trademark.  Moreover, because the Defendants engaged in counterfeiting and the infringement was willful, by statute (11 U.S.C. §1117(b)), these damages must be trebled.

Defendants seek the following damages and other relief.

- On all causes of action, Defendants seeks a permanent injunction enjoining and restraining Threeline and all other persons in privity or acting in concert or participation with them from, *inter alia*, using any reproduction of the Chicken & Egg Trademark to identify any goods or rendering any services not authorized by Defendants, further infringing the Chicken & Egg

---

[2] The dollar amounts were rounded down to the nearest dollar.

Trademark, that Threeline recall and deliver up for destruction to Defendants all unauthorized products and advertisements in their possession or under their control bearing the Chicken & Egg Trademark, send a retraction letter to retailers regarding the injunction, and other forms of relief as is more fully described in the Counterclaims herein.

- On all causes of action, defendants also seek an order pursuant to 11 U.S.C. §523(a)(6) that plaintiffs be prohibited from a discharge under 11 U.S.C. §727 for a malicious, willful and fraudulent injury to Defendants.

- On all causes of action, reasonable attorneys' fees pursuant to 15 U.S.C. §1117 in an amount to be determined by the Court;

- On all causes of action, pre-judgment interest pursuant to 15 U.S.C. §1117.

- An award of the $50,000 bond due to damage caused by the wrongfully issued preliminary injunction;

- An award of sanctions for tampering with evidence and providing false testimony;

- Damages as follows:

  o Plaintiff's profits from the sale of unauthorized products bearing the Chicken & Egg Trademark, an amount to be determined during the damage phase of this bifurcated trial.

  o Pursuant to the terms of the ALB-Gold Agreement (and Amendment), Defendants were granted an exclusive right to purchase Interpage Pasta Products from ALB-Gold at very favorable pricing, provided it purchased eighty (80) containers of Interpage

Pasta Products over a five (5) year period.  Also, ALB-Gold agreed to pay Defendants pursuant to the terms of an amendment to the ALB-Gold Agreement, a "commission" of 3.45% for any and all sales of Interpage Pasta Products.   During the first year of the ALB-Gold Agreement, Defendants had agreements with customers in the United States, Ukraine, Latvia and Israel to purchase Interpage Pasta Products making it easy for it to satisfy annual minimum purchase requirements. Defendants calculate their damage related to the lost opportunity to purchase/sell eighty (80) containers (or 960 tons of pasta) of Interpage Pasta Products over the first five years of the ALB-Gold Agreement as follows:

- **Lost Sales:  $466,560**  Defendants lost profit is $486 per ton (calculated as: $0.486 X 1000(kg)).  Since the volume of the ALB-Gold Agreement is 960 tons over five (5) years, we calculate the lost profits due to Threeline's conduct to be $466,560 ($486 X 960).

- **Commission:  $57,628.80**   Defendants calculate lost commissions due to Threeline's conduct over the course of the ALB-Gold Agreement to be $57,628.80, calculated as follows:                3.45%       of        $1,670,400 (960x1000xEUR1.45x1.2(rate) in sales.

- **Attorneys' Fees: $350,000 (estimate through trial)**

**vi.**  **Jury Trial Statement and Estimated Number of Trial Days:**

This case is to be tried without a jury.

Threeline anticipates that the trial of its case in chief will last two (2) trial days.

Defendants anticipate that the trial of its case in chief will last two (2) trial days.

**vii.    Trial by a Magistrate Judge:**

The parties have not consented to a trial of this case by a magistrate judge.

**viii.    Statement of Stipulated Facts:**

A Statement of Stipulated Facts is annexed hereto as **Exhibit "A"**.

**ix.    Witness Lists:**

A copy of Threeline's witness list is attached to this Proposed Joint Pre-Trial Order as **Exhibit "B"**.  Defendants' witness list is attached as **Exhibit "C"**.

**x.    Deposition Testimony:**

A designation by Threeline of Defendants' deposition testimony dated February 2, 2016 and Defendants' testimony at the May 19, 2015 preliminary injunction hearing to be offered in Threeline's case in chief is annexed hereto as **Exhibit "D"**.   A designation by Defendants of deposition testimony to be offered in its case in chief is annexed hereto as **Exhibit "E"**. The parties reserve all objections interposed at the deposition(s) or hearing with respect to the proposed excerpted testimony and all other objections which are preserved under the Federal Rules of Civil Procedure.

**xi.    Exhibits:**

A schedule listing the exhibits to be offered in evidence by Threeline is annexed hereto as **Exhibit "F"**.  A schedule listing the exhibits to be offered in evidence by Defendants is annexed hereto as **Exhibit "G"**.

Counsel have conferred regarding these proposed exhibit lists and shall submit a

list of marked exhibits, identifying which exhibits have been stipulated into evidence, together

with the required number of exhibits binders, to the Court on January 13, 2017 pursuant to the

Court's January 9, 2017 Order.

Dated: Garden City, New York
      January 12, 2017

                           Respectfully submitted,

                           **ROSENBERG FORTUNA &**
                           **LAITMAN, LLP**

By:    /s/Anthony R. Filosa
                          _____

                           **ANTHONY R. FILOSA**
                           Attorneys for **Plaintiff**
                           666 Old Country Road, Suite 810
                           Garden City, New York 11530
                           Telephone:  (516) 228-6666
                           Facsimile:   (516) 228-6672
                           anthony@rosenbergfortuna.com

                           **EPSTEIN DRANGEL LLP**

By:    /s/ Jason M. Drangel
                           **JASON DRANGEL**
                           Attorneys for **Defendants**
                           60 East 42nd Street, Suite 2520
                           New York, New York 10155
                           Telephone:  (212) 292-5390
                           Facsimile:   (212) 292-5390
                           jdrangel@ipcounselors.com

**SO ORDERED:**

_____
**HONORABLE ANN M. DONNELLY**
**United States District Judge**

# EXHIBIT

# A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
THREELINE IMPORTS, INC.,

                                          Plaintiff,

              -against-

GRIGORIY VERNIKOV a/k/a "GREGORY
VERNIKOV", INTERPAGE INTERNATIONAL
INC. d/b/a "INTERPAGE CO."; and JOHN DOES
1-5 and XYZ COMPANIES,

                                   Defendants.
-----------------------------------------------------------------------X

**STIPULATED
STATEMENT
OF FACTS**

Civil Case No.:
15-cv-2333 (AMD)(RML)

       Pursuant to the Court's Individual Rules, Plaintiff Threeline Imports, Inc.

("Plaintiff" or "**Threeline**"), by its attorneys, Rosenberg Fortuna & Laitman, LLP, and Defendants

Grigoriy Vernikov a/k/a "Gregory Vernikov" ("Vernikov") and Interpage International Inc. d/b/a

"Interpage Co." (the corporate entity is referred to hereinafter as "Interpage International" and

Vernikov and Interpage International are collectively referred to as "**Defendants**"), by their

attorneys, Epstein Drangel LLP, hereby submit the following Stipulated Statement of Facts:

       1.     Threeline is a New York business corporation which was organized in 2006.

       2.     Malvina Kerzhner ("**Malvina**") is, at all relevant times the President and a

shareholder of Threeline and her husband Leonid Kerzhner ("**Leonid**") is the Manager of

Threeline.

       3.     Since its inception in 2006, Leonid and Malvina have run and operated

Threeline.

       4.     Leonid currently holds, and has always held, the position of general

manager of Threeline, but has no ownership interest in Threeline.

       5.     Threeline is in the business of importing and distributing a variety of

specialty food products, particularly to Russian, Ukrainian and similar ethnic markets and communities.

6.     Threeline maintains its warehouse and office at 14A 53ʳᵈ Street, Brooklyn, New York (the "Threeline Warehouse").

7.     In or about 2005, Threeline was aware that Vernikov did business in some form under an assumed name "Interpage".

8.     In or about 2005, Threeline was aware that Vernikov operated a business under an assumed name "Interpage" selling certain imported food products. ("Interpage Business").

9.     Vernikov was a W-2 salaried employee of Threeline from on or about August, 2009 to on or about April 20, 2013 ("Employment Period").

10.     Between 2006 and the commencement of the Employment Period in August, 2009, Defendants operated the Interpage Business from the Threeline Warehouse.

11.     Threeline paid a sales commission to Defendants for the purchase of product on May 10, 2013 and June 14, 2013 (i.e., after Vernikov left the employment of Threeline) for the purchase of products unrelated to the chicken and egg pasta product at issue herein.

12.     Trilini International Limited ("TL International"), established in 1992 by three (3) individuals, Yury Leshcinsky, Arkady Volovik and Roman Katsnelson ("Katsnelson"), is a company primarily involved in the purchasing and sale of ingredients used to manufacture confectionary products. These ingredients are purchased from various foreign countries outside of the United States and then sold to several manufacturers, most of whom are located in Eastern Europe.

13.     Interpage Co., Inc. ("ICI") is a New York domestic business corporation

2

which was incorporated by Roman Katsnelson ("Katsnelson") on February 18, 2009.

14.     Katsnelson is an officer and shareholder of Threeline and ICI.

15.     Vernikov is not a director, officer, shareholder, or employee of ICI.

16.     Malvina Kerzhner and Leonid Kerzhner are not shareholders or employees of ICI.

17.     The Parties dispute whether Threeline or Interpage own the chicken and egg trademark first applied to the ALB-Gold pasta product in or about December 2012 ("Chicken & Egg Trademark").

18.     Threeline did not pay any commission to Vernikov in connection with Threeline's purchase of the first two (2) containers of product from ALB-Gold bearing the Chicken & Egg Trademark.

19.     Threeline received a ten percent (10%) discount on the first two (2) containers of pasta product from ALB-Gold bearing the Chicken & Egg Trademark.

20.     The first two (2) containers of ALB-Gold pasta products which bore the Chicken & Egg Trademark were shipped by ALB-GOLD to Threeline's Warehouse in December, 2012.

21.     The first two (2) containers of ALB-GOLD pasta products bearing the Chicken & Egg Trademark were received at Threeline's Warehouse in January, 2013.

22.     On or about April 15, 2014, Threeline applied for a trademark registration with the United States Patent and Trademark Office, U.S. App. Ser. No. 86/253,209, for the Chicken & Egg Trademark.

23.     On November 25, 2014, the United States Patent and Trademark Office issued Threeline Registration No. 4644787 (the "Threeline Registration").

24.     The Threeline Registration claims a date of first use in commerce of April 12, 2013, a date acknowledged by Threeline to be incorrect.

25.     On or about March 10, 2015, Threeline sent a cease and desist letter to Defendants concerning Defendants' alleged infringement and counterfeiting of the "chicken-and-egg trademark" at issue herein.

26.     On or about April 9, 2015, Threeline sent a further cease and desist letter to Defendants concerning Defendant's alleged infringement and counterfeiting of the "chicken-and-egg trademark" at issue herein.

27.     In June, 2015, counsel for Threeline sent a warning letter to Ester's Deli notifying it of the injunction in this action.

28.     Threeline is the registered owner of the trademark "Granny's Farm" under United States Patent and Trademark Office Registration No. 4327010.

29.     The "Granny Farm" trademark was created and first used in commerce by Threeline.

30.     The Granny's Farm" trademark was displayed on the label of a pitted cherries product which stated:  "Imported by Interpage International" as well as an eggplant paste product and a garden peas product.

31.     Defendants claim no ownership interest in the Granny's Farm trademark.

32.     Threeline is the registered owner of the trademark "Babushkin Ogorod" under United States Patent and Trademark Office Registration No. 3834637.

33.     The Babushkin Ogorod trademark was created and first used in commerce by Threeline in December, 2009.

34.     The Babushkin Ogorod trademark was displayed on the label of a canned

4

vegetable salad product which stated "Imported by Interpage Co." and the address of Threeline's Warehouse.

35.     Defendants claim no ownership interest in the Babushkin Ogorod trademark.

36.     Threeline is the registered owner of the trademark "Babushkin Ogyrtsi" under United States Patent and Trademark Office Registration No. 3834804.

37.     The "Babushkin Ogyrtsi" trademark was created and first used in commerce by Threeline in December, 2009.

38.     The "Babushkin Ogyrtsi" mark was displayed on the label of a pickled cucumbers with dill product which stated: "Importer Interpage International".

39.     Defendants claim no ownership interest in the "Babushkin Ogyrtsi" trademark.

40.     Threeline is the registered owner of the trademark "Babushkin Pomydori" under United States Patent and Trademark Office Registration No. 3834805.

41.     The "Babushkin Pomydori" trademark was created and first used in commerce by Threeline in December, 2009.

42.     The "Babushkin Pomydori" mark was displayed on the label of a canned tomatoes product which stated: "Importer Interpage International".

43.     The Defendants claim no ownership interest in the "Babushkin Pomydori" trademark.

44.     Threeline began selling the contents of the first two (2) containers of ALB-GOLD pasta product bearing the chicken and egg trademark at issue herein to Threeline's customers beginning in January, 2013.

45.     Vernikov filed a U.S. trademark application (Ser. No. 86/624,380) for the Chicken & Egg Trademark with the United States Patent and Trademark Office on May 9, 2015.

46.     The cancellation action for the Threeline Registration has been suspended pending the outcome of the instant action.

47.     After the Employment Period, but before the commencement of this action, Threeline's information technology contractor removed Vernikov's email license from the Trilini.com Microsoft exchange email server.

Dated: January 12, 2017

Respectfully submitted,

**ROSENBERG FORTUNA &
LAITMAN, LLP**

By:     /s/Anthony R. Filosa

**ANTHONY R. FILOSA**
Attorneys for **Plaintiff**
666 Old Country Road, Suite 810
Garden City, New York 11530
Telephone:  (516) 228-6666
Facsimile:  (516) 228-6672
anthony@rosenbergfortuna.com

**EPSTEIN DRANGEL LLP**

By:     /s/ Jason M. Drangel
**JASON DRANGEL**
Attorneys for **Defendants**
60 East 42nd Street, Suite 2520
New York, New York 10155
Telephone:  (212) 292-5390
Facsimile:  (212) 292-5390
jdrangel@ipcounselors.com

6

# EXHIBIT

# B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
THREELINE IMPORTS, INC.,

|                          |                                        |
|--------------------------|----------------------------------------|
|               Plaintiff, | **PLAINTIFF'S**                        |
|                          | **PROPOSED**                           |
|          -against-       | **WITNESS LIST**                       |
|                          |                                        |
|                          | Civil Case No.:                        |
| GRIGORIY VERNIKOV a/k/a "GREGORY | 15-cv-2333 (AMD)(RML)          |
| VERNIKOV", INTERPAGE INTERNATIONAL |                             |
| INC. d/b/a "INTERPAGE CO."; and JOHN DOES |                      |
| 1-5 and XYZ COMPANIES,   |                                        |

                                        Defendants.
-------------------------------------------------------------------------X

Plaintiff Threeline Imports, Inc. ("**Threeline**"), by its attorneys, Rosenberg Fortuna & Laitman, LLP, as and for its proposed witness list pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Court's Individual Rules, intends to offer the testimony of the following persons at the trial of this action.[1]

1.      Malvina Kerzhner, Threeline's President ("**Malvina**"), c/o Threeline Imports, Inc., 14A 53rd Street, Brooklyn, New York.  Malvina shall testify with respect to the following topics:

a.      Defendant Grigoriy Vernikov's ("**Vernikov**") full time employment by Threeline between August, 2009 and on or about April 20, 2013;

b.      Threeline's creation and use in commerce of the Threeline Registered Trademark;

c.      Threeline's instruction to Vernikov in the course of Vernikov's employment by Threeline to create samples of a label to display on the ALB-GOLD pasta products

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the parties' Proposed Joint Pre-Trial Order.

for Threeline's approval, all of which were rejected by Threeline;

      d.    Vernikov's assistance in the creation of other product labels within the scope of his employment by Threeline for which Threeline is the registered owner of trademark(s) and to which Defendants claim no right, title and/or interest;

      e.    Threeline's purchase and sale of pasta and noodle products bearing the Threeline Registered Trademark;

      f.    the negotiation and execution of an Exclusive Sales and Importation Agreement dated as of January 1, 2013 between non-party ALB-GOLD and non-party Interpage Co. Inc. , on behalf of Threeline (the **"ALB-GOLD Agreement"**);

      g.    the negotiation and execution of an Exclusive Sales and Importation Agreement with non-party Franz Tress, a German pasta manufacturer, dated as of January, 2011 by non-party Interpage Co. Inc., on behalf of Threeline (the **"Franz Tress Agreement"**);

      h.    the cessation of Vernikov's employment with Threeline on or about April 20, 2013; and

      i.    Defendants' unauthorized infringement and sale of Counterfeit Products bearing the Threeline Registered Trademark.

    2.    Leonid Kerzhner, Threeline's Manager (**"Leonid"**), c/o Threeline Imports, Inc., 14A 53rd Street, Brooklyn, New York.  Leonid shall testify with respect to the following topics:

      a.    Defendant Grigoriy Vernikov's (**"Vernikov"**) full time employment by Threeline between August, 2009 and on or about April 20, 2013;

      b.    Threeline's creation and use in commerce of the Threeline Registered Trademark;

  c. Vernikov's assistance in the creation of other product labels within the scope of his employment by Threeline for which Threeline is the registered owner of trademark(s) and to which Defendants claim no right, title and/or interest;

  d. Threeline's purchase and sale of pasta and noodle products bearing the Threeline Registered Trademark;

  e. Threeline's instruction to Vernikov in the course of Vernikov's employment by Threeline to create samples of a label to display on the ALB-GOLD pasta products for Threeline's approval, all of which were rejected by Threeline;

  f. the cessation of Vernikov's employment with Threeline on or about April 20, 2013; and

  g. Defendants' unauthorized infringement and sale of Counterfeit Products bearing the Threeline Registered Trademark

  3. Alexander Kerzhner, Esq., Threeline's outside general counsel ("**Alexander**"), c/o Threeline Imports, Inc., 14A 53rd Street, Brooklyn, New York. Alexander shall testify with respect to the following topics:

  a. the review and preparation of the Franz Tress Agreement;

  b. the review of the ALB-GOLD Agreement;

  c. the federal registration of the Threeline Registered Trademark with the United States Patent and Trademark Office;

  d. Defendants' unauthorized infringement and sale of Counterfeit Products bearing the Threeline Registered Trademark; and

  e. Threeline's letters and communications with Defendants to compel Defendants to immediately cease and desist from all infringing and counterfeiting activities with

respect to the Threeline Registered Trademark.

        4.      Non-party Roman Katsnelson, a shareholder of Threeline (**"Roman"**), c/o Trilini International, Ltd., 41 Terrace Place, Brooklyn, New York 11218.  Roman shall testify with respect to the following topics:

        a.      the formation of non-party Interpage Co. Inc. and the shareholders thereof;

        b.      Defendants' express refusal to invest, acquire any ownership stake, or hold any office in, non-party Interpage Co. Inc.

        5.      Non-party George Chubinidze (**"George"**), c/o Tamani One Corporation (**"Tamani"**), 572 Smith Street, Brooklyn, New York 1123.  George shall testify with respect to the following topics:

        a.      Tamani's purchase from Threeline of pasta and noodle products bearing the Threeline Registered Trademark;

        b.      Tamani's identification of the Threeline Registered Trademark and the products bearing the same with Threeline.

Dated: Garden City, New York
       January 12, 2017

                              **ROSENBERG FORTUNA & LAITMAN, LLP**

                By:    /s/ Anthony R. Filosa

                            **ANTHONY R. FILOSA**
                            Attorneys for **Plaintiff**
                            666 Old Country Road, Suite 810
                            Garden City, New York 11530
                            (516) 228-6666

# EXHIBIT

# C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
THREELINE IMPORTS, INC.,

                                  Plaintiff,

                 -against-

GRIGORIY VERNIKOV a/k/a "GREGORY
VERNIKOV", INTERPAGE INTERNATIONAL
INC. d/b/a "INTERPAGE CO."; and JOHN DOES
1-5 and XYZ COMPANIES,

                                Defendants.
------------------------------------------------------------------------X

**DEFENDANTS'**
**PROPOSED**
**WITNESS LIST**

Civil Case No.:
15-cv-2333 (AMD)(RML)

      Defendants Grigoriy Vernikov ("Vernikov") and Interpage International Inc., dba

Interpage Co. ("Interpage"), by its attorneys, Epstein Drangel, LLP, as and for its proposed witness

list pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Court's Individual Rules,

intends to offer the testimony of the following persons at the trial of this action.[1]

            1.      Grigoriy Vernikov, Interpage's President c/o Interpage, 8855 Bay Parkway,

#8D, Brooklyn, NY 11214. Vernikov shall testify with respect to the following topics, among

others:

           a.   The Interpage business;

           b.   The Threeline business;

           c.   Vernikov's work with Threeline and relationship with owners;

           d.   ALB-Gold and the ALB-Gold Agreement;

           e.   Development of the Chicken & Egg Trademark;

           f.   Design of the packaging for the Interpage Pasta Product;

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the parties'
Proposed Joint Pre-Trial Order.

    g.  Purchase, import, and sale of the Interpage Pasta Product;

    h.  The Chicken & Egg Trademark;

    i.  Knowledge of the Chicken & Egg Trademark by third parties; and

    j.  The Delicious Wonders Trademark and right to use same.

2.      Vera Itzhakov, President/Owner, Euphoria Fancy Food Inc. Itzhakov shall testify with respect to the following topics:

    a.  The Interpage business;

    b.  The Threeline business;

    c.  Vernikov's work with Threeline and relationship with owners;

    d.  Purchase, import, sale and source of the Interpage Pasta Product;

    e.  The Chicken & Egg Trademark;

    f.  The Delicious Wonders Trademark.

3.      Yakov Grunis, President/Owner, Ester's Deli.  Grunis shall testify with respect to the following topics:

    a.  The Interpage business;

    b.  The Threeline business;

    c.  Vernikov's work with Threeline and relationship with owners;

    d.  Purchase, import, sale and source of the Interpage Pasta Product;

    e.  The Chicken & Egg Trademark;

    f.  The Delicious Wonders trademark; and

    g.  June 11, 2015 Warning letter from counsel for Threeline.

4.      Arkadiy Khaykovich, President, Sakhalin. Khaykovich shall testify with respect to the following topics:

a.  The Interpage business.

b.  The Threeline business;

c.  Vernikov's work with Threeline and relationship with owners;

d.  Purchase, import, sale and source of the Interpage Pasta Product;

e.  The Chicken & Egg Trademark;

f.  The Delicious Wonders Trademark.

5.      Alexandr Pesok, President/Owner, New Gold Label International Food

Inc..  Pesok shall testify with respect to the following topics:

a.  The Interpage business;

b.  The Threeline business;

c.  Vernikov's work with Threeline and relationship with owners;

d.  Purchase, import, sale and source of the Interpage Pasta Product;

e.  The Chicken & Egg Trademark;

f.  The Delicious Wonders Trademark.

6.      Roman Levin, Customs Broker, c/o Allied CHB, Inc., 1600 Lower Road,

Linden, NJ 07036.  Levin shall testify with respect to the following topics:

a.  The Interpage business;

b.  The Threeline business;

c.  Vernikov's work with Threeline and relationship with owners;

d.  Purchase, import, sale and source of the Interpage Pasta Product;

7.      Kristaps Koshkin, Commercial Director, Brivais Vilnis. Koshkin shall

testify with respect to the following topics:

a.  The Interpage business;

3

    b.  The Threeline business;

    c.  Vernikov's work with Threeline and relationship with owners;

    d.  Purchase, import, sale and source of the Interpage Pasta Product;

    e.  The Chicken & Egg Trademark;

    f.  The Delicious Wonders Trademark.

8.    Arkad Kekelidze, Principal, c/o Tamani One Corporation, 572 Smith Street, Brooklyn, NY 11231.  Kekelidze shall testify with  respect to the following topics:

    a.  The Interpage business;

    b.  The Threeline business;

    c.  Vernikov's work with Threeline and relationship with owners;

    d.  The purchase, import, sale and source of the Interpage Pasta Product;

    e.  The Chicken & Egg Trademark; and

    f.  The Delicious Wonders Trademark.

Dated:  01/12/2017

Respectfully submitted,

EPSTEIN DRANGEL LLP

BY: /s/ Jason M. Drangel
Jason M. Drangel (JMD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AES 7715)
asands@ipcounselors.com
Spencer J. Wolgang (SW 2389)
swolgang@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

*Attorneys for Defendants*

4

*Grigoriy Vernikov* a/k/a *Gregory Vernikov*
and *Interpage International, Inc.* d/b/a
*Interpage Co.*

# EXHIBIT

# D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

THREELINE IMPORTS, INC.,

                                                    Plaintiff,

                    -against-

GRIGORIY VERNIKOV a/k/a "GREGORY
VERNIKOV", INTERPAGE INTERNATIONAL
INC. d/b/a "INTERPAGE CO."; and JOHN DOES
1-5 and XYZ COMPANIES,

                                                    Defendants.
------------------------------------------------------------------------X

**PLAINTIFF'S**
**PROPOSED**
**PRIOR**
**TESTIMONY**

Civil Case No.:
15-cv-2333 (AMD)(RML)

Plaintiff Threeline Imports, Inc. ("**Threeline**"), by its attorneys, Rosenberg Fortuna & Laitman, LLP, intends to offer into evidence at the trial of this action the following deposition and other sworn testimony (including relevant exhibits discussed during the relevant testimony), pursuant to Rule 32 of the Federal Rules of Civil Procedure and the Court's Individual Rules.

## DEPOSITION OF DEFENDANT GRIGORIY VERNIKOV DATED FEBRUARY 2, 2016

| Page | Line |
|------|------|
| 31 | 9-18 |
| 49 | 18-23 |
| 53 | 8-25 |
| 54 | 1-7 |
| 118 | 22-25 |
| 123 | 3-10 |
| 130 | 15-19 |
| 130 | 20-25 |
| 131 | 12-15 |
| 131 | 16-20 |
| 133 | 2-5 |
| 133 | 6-8 |
| 133 | 19-24 |
| 134 | 9-12 |
| 138 | 17-25 |
| 143 | 4-6 |
| 215 | 2-23 |
| 216 | 4-8 |
| 218 | 3-7 |
| 223 | 2-25 |

| | |
|---|---|
| 224 | 2-25 |
| 225 | 2-25 |
| 226 | 2-11 |
| 226 | 22-25 |
| 227 | 2-11 |
| 227 | 16-25 |
| 228 | 2-4 |
| 232 | 22-25 |
| 237 | 7-11 |
| 240 | 13-16 |
| 298 | 2-25 |
| 299 | 2-17 |
| 310 | 17-25 |
| 311 | 2-10 |
| 311 | 16-25 |
| 312 | 2-18 |
| 313 | 2-25 |
| 314 | 2-4 |
| 314 | 9-25 |
| 315 | 2-12 |

## TESTIMONY OF DEFENDANT GRIGORIY VERNIKOV
## AT THE MAY 19, 2015 PRELIMINARY INJUNCTION HEARING

| **Page** | **Line** |
|---|---|
| 63 | 18-25 |
| 71 | 1-6 |
| 72 | 15-25 |
| 73 | 4-6 |
| 74 | 4-9 |
| 74 | 21-25 |

Dated:  Garden City, New York
        January 12, 2017

ROSENBERG FORTUNA &
LAITMAN, LLP

By:     /s/ Anthony R. Filosa
        _____

        **ANTHONY R. FILOSA**
        Attorneys for **Plaintiff**
        666 Old Country Road, Suite 810
        Garden City, New York 11530
        (516) 228-6666

2

# EXHIBIT

# E

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

THREELINE IMPORTS, INC.,                                 **DEFENDANTS'**
                                                         **PROPOSED**
                                    Plaintiff,           **PRIOR**
                                                         **TESTIMONY**

              -against-
                                                         Civil Case No.:
GRIGORIY VERNIKOV a/k/a "GREGORY                         15-cv-2333 (AMD)(RML)
VERNIKOV", INTERPAGE INTERNATIONAL
INC. d/b/a "INTERPAGE CO."; and JOHN DOES
1-5 and XYZ COMPANIES,

                                    Defendants.
------------------------------------------------------------------------X

      Defendants Grigoriy Vernikov and Interpage International Inc., dba Interpage Co.

("Interpage"), by their attorneys, Epstein Drangel, LLP, intend to use the following testimony

(including relevant exhibits discussed during the relevant testimony) for purposes of cross-

examination, but to the extent there is no opportunity for cross examination on the topics

referenced in the relevant transcript sections below in the referenced, intend to offer into evidence

at the trial of this action the following deposition and other sworn testimony (including relevant

exhibits discussed during the relevant testimony), pursuant to Rule 32 of the Federal Rules of Civil

Procedure and the Court's Individual Rules.

**Deposition Transcript of Alexander Kerzhner, dated December 18, 2015:**

72:4 – 10
73:3 – 6
109:14 – 23
137:15 – 21
167:3 – 16
180:11 – 23
187:15 – 21
192:24 – 193:9
194:4 – 11

**Deposition Transcript of Malvina Kerzhner, dated January 21, 2016:**

22:23 – 23:5
28:2 – 13
31:23 – 32:8
32:9 – 19
35:24 – 36:3
36:5 – 24
37:13 – 18
41:4 – 25
43:4 – 44:6
50:17 – 25
51:17 – 52:14
52:6 – 25
53:14 – 17
55:14 – 17
55:24 – 25
70:11 – 71:13
92:16 – 25
93:13 – 17
94:2 – 7
94:16 – 95:4
95:20 – 96:4
99:9 – 12
103:9 – 105:4
105:20 – 106:10
106:19 – 107:25
108:14 – 16
110:20 – 22
111:10 – 11
114:4 – 11
115:8 – 18
117:24 – 118:18
136:18 – 137: 4
136:14 – 24
137:16 – 138:22
140:6 – 24
141:2 – 11
142:2 – 3
142:22 – 143:13

145:2 – 6
146:10 – 17
147:4 – 16
156:19 – 157:2
157:22 – 158:4
163:12 – 21
163:3 – 165:13
165:9 – 12
165:9 - 13
165:17 – 20
166:20 – 167:2
170:2 – 20
170:4 – 16
170:25 – 171:3
171:23 – 172:3
172:25 – 173:8
176:19 – 25
177:21 – 178:6
189:8
194:7 – 15
200:20 – 201:9
201:19 – 207:12
203:2 – 12
204:7 – 11
207:3 – 12
211:25 – 212:6
214:3 – 215:3
214:19 – 215:10
218:2 – 4
224:7 – 18

## Testimony Of Malvina Kerzhner At The May 19, 2015 Preliminary Injunction Hearing

21:9 – 10
23:8 – 16
30:16 – 33:12
80:1 – 2
80:10 – 16

## Deposition Transcript of Leonid Kerzhner, dated January 22, 2016:

18:17 – 23
20:20 – 21
26:15 – 17
33:24 – 34:15
39:10 – 23
42:6
42:9 – 43:8
46:24 – 47:8
63:16 – 21
71:7 – 11
85:22 – 86:6
113:25 – 114:5
133:9 – 22
139:3 – 7
145:2 – 146:10
145:24 – 146:2
158:20 – 160:21
183:14 – 184:8
184:24 – 187:3
186:7 – 187:3
189:16 – 20

## Testimony Of Leonid Kerzhner At The May 19, 2015 Preliminary Injunction Hearing

39:14 – 40:9

## Deposition Transcript of Roman Katsnelson, dated March 1, 2016:

21:7 – 12
21:25 – 22:6
22:7 – 11
26:24 – 27:2
39:11 – 41:21
40:3 – 8
84:24 – 85:6
91:25 – 92:14
94:24 – 25
96:21 – 23
115:22 – 116:6
117:2 – 4

117:5 – 15
117:17 – 22
118:3 – 7
119:19 - 120:14
120:14 – 121:8
127:10 – 20

Dated:  01/12/2017

Respectfully submitted,

EPSTEIN DRANGEL LLP

BY: /s/ Jason M. Drangel
Jason M. Drangel (JMD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AES 7715)
asands@ipcounselors.com
Spencer J. Wolgang (SW 2389)
swolgang@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

*Attorneys for Defendants
Grigoriy Vernikov* a/k/a *Gregory Vernikov*
and *Interpage International, Inc.* d/b/a
*Interpage Co.*

5

# EXHIBIT

# F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THREELINE IMPORTS, INC.,

|  |  |
|---|---|
| Plaintiff, | **PLAINTIFF'S** |
| | **PROPOSED** |
| | **TRIAL EXHIBITS** |
| -against- | |
| | Civil Case No.: |
| GRIGORIY VERNIKOV a/k/a "GREGORY | 15-cv-2333 (AMD)(RML) |

GRIGORIY VERNIKOV a/k/a "GREGORY
VERNIKOV", INTERPAGE INTERNATIONAL
INC. d/b/a "INTERPAGE CO."; and JOHN DOES
1-5 and XYZ COMPANIES,

                                        Defendants.
------------------------------------------------------------------------X

      Plaintiff Threeline Imports, Inc. ("**Threeline**"), by its attorneys, Rosenberg Fortuna

& Laitman, LLP, as and for its proposed trial exhibits, intends to offer into evidence the following

exhibits at the trial of this action:

| EXHIBIT | I.D. | EV. | DESCRIPTION | BATES/ECF NO. |
|---|---|---|---|---|
| 1 | ___ | ___ | NYS Department of State, Division of Corporations Entity Information for Threeline Imports, Inc. | ECF Doc No. 69-1 |
| 2 | ___ | ___ | Certificate of Registration of Trademark Registration No. 4644787 registered November 25, 2014 | ECF Doc. No. 69-2 |
| 3 | ___ | ___ | IRS forms W-2 of Defendant Grigoriy Vernikov ("**Vernikov**") for 2009, 2010, 2011, 2012 and 2013 | ECF Doc No. 69-3 |
| 4 | ___ | ___ | July 30, 2012 email communication between Vernikov and Leonid Kerzhner ("**Leonid**") with accompanying email chain and attachment | Threeline-1050 to Threeline-1054 |
| 5 | ___ | ___ | July 30, 2012 email communication between Malvina Kerzhner ("**Malvina**") and Vernikov and attached list of pasta products and amounts | Threeline-1055 to Threeline-1056 |

| 6 | ___ | ___ | August 6, 2012 email from Vernikov to Malvina with attached sample pasta label | Threeline-990 to Threeline-991 |
|---|---|---|---|---|
| 7 | ___ | ___ | October 4, 2012 email from Malvina to Pravda Media with accompanying email chain and attached sample pasta labels | Threeline-1005 to Threeline-1013 |
| 8 | ___ | ___ | Sample pasta labels | ECF Doc. No. 37-4 pgs. 2-8 |
| 9 | ___ | ___ | JPMorgan funds transfer initiation status report | Threeline-30452 |
| 10 | ___ | ___ | Threeline Imports Check No. 5457 to Trilini International Ltd. dated December 12, 2012 for $37,107.83 | Threeline-0455 |
| 11 | ___ | ___ | ALB-GOLD Commercial Invoice No. 00314500 dated December 3, 2012 | Threeline-0453 |
| 12 | ___ | ___ | ALB-GOLD Commercial Invoice No. 00314637 dated December 4, 2012 | Threeline-0454 |
| 13 | ___ | ___ | Threeline Imports Check No. 5467 dated January 4, 2013 payable to Cargo Partner Network for $3,580.00 | ECF Doc. No. 69-9 |
| 14 | ___ | ___ | Cargo Partner Network Invoice No. CPNY900033/2013 for $1,790.00 | IPV00124 |
| 15 | ___ | ___ | Transportation Services International, Inc. delivery order dated January 15, 2013 | IPV00136 |
| 16 | ___ | ___ | Exclusive Sales and Importation Agreement dated as of January 1, 2013 between ALB-GOLD and non-party Interpage Co. Inc. | IPV00478 to IPV00488 |
| 17 | ___ | ___ | NYS Department of State Division of Corporations Entity Information for Interpage Co. Inc. | ECF Doc. No. 63-2 |

| 18 | ___ | ___ | Exclusive Sales and Importation Agreement dated as of January 1, 2011 between non-party Franz Tress and non-party Interpage Co. Inc. | IPV00455 to IPV00465 |
| 19 | ___ | ___ | Certificate of Trademark Registration for United States Patent and Trademark Office Registration No. 4327010 (the **"Granny's Farm Trademark"**) | Threeline-0058 to Threeline-0059 |
| 20 | ___ | ___ | Granny's Farm Eggplant Paste label | ECF Doc. No. 69-12 |
| 21 | ___ | ___ | Granny's Farm Fine Garden Peas label | Threeline-1037 |
| 22 | ___ | ___ | Granny's Farm Pitted Sour Cherries label | Threeline-0060 |
| 23 | ___ | ___ | Certificate of Trademark Registration for United States Patent and Trademark Office Registration No. 3834637 (the **"Babushkin Ogorod Trademark"**) | ECF Doc. No. 69-13 |
| 24 | ___ | ___ | Certificate of Trademark Registration for United States Patent and Trademark Office Registration No. 3834804 (the **"Babushkin Ogyrtsi Trademark"**) | ECF Doc. No. 69-14 |
| 25 | ___ | ___ | Certificate of Trademark Registration for United States Patent and Trademark Office Registration No. 3834805 (the **"Babushkin Pomydori Trademark"**) | ECF Doc. No. 69-15 |
| 26 | ___ | ___ | Certificate of Trademark Registration for United States Patent and Trademark Office Registration No. 4570799 (the **"Delicious Wonders Trademark"**) | IPV00101 to IPV00102 |
| 27 | ___ | ___ | Cease and desist letter from Alexander Kerzhner, Esq. to Defendants with attachments | ECF Doc. No. 67-1 (13 pages) |
| 28 | ___ | ___ | Photographs of Delicious Wonders pasta product and accompanying purchase receipts | ECF Doc. No. 67-2 (2 pages) |

3

| 29 | ___ | ___ | Photographs of Delicious Wonders pasta product and accompanying purchase receipts | ECF Doc. No. 67-3 (2 pages) |
| 30 | ___ | ___ | Photographs of pasta product bearing the Threeline Registered Trademark | ECF Doc. No. 67-4 (3 pages) |
| 31 | ___ | ___ | Photographs of Delicious Wonders pasta product and accompanying purchase receipts | ECF Doc. No. 67-5 (4 pages) |
| 32 | ___ | ___ | Photographs of Delicious Wonders pasta product and accompanying purchase receipts | ECF Doc. No. 67-6 (2 pages) |
| 33 | ___ | ___ | Photographs of Delicious Wonders pasta product and accompanying purchase receipts | ECF Doc. No. 67-7 (4 pages) |
| 34 | ___ | ___ | April 9, 2015 cease and desist letter sent by counsel for Threeline to Defendants | ECF Doc. No. 63-6 (2 pages) |
| 35 | ___ | ___ | April 14, 2015 email from Vernikov to counsel for Threeline | IPV0024 |
| 36 | ___ | ___ | New York State Department of State Division of Corporations Business Entity Information of Defendant Interpage International Inc. | ECF Doc. No.63-3 (2 pages) |
| 37 | ___ | ___ | Invoices of Defendants evidencing the sale by Defendants of product bearing the Threeline Registered Trademark | Assorted Bates Numbered collectively filed as ECF Doc. No. 63-4 (59 pages) and ECF Doc. No. 63-5 (50 pages) |
| 38 | ___ | ___ | Invoices of Threeline evidencing the sale by Threeline of product bearing the Threeline Registered Trademark | Annexed as Exhibits A and B, respectively, to the Declaration of Malvina Kerzhner Dated June 15, 2016 (ECF Doc. No. 86) (the "M. Kerzhner |

Declaration")

| | | | | |
|---|---|---|---|---|
| 39 | ___ | ___ | Threeline's Quickbooks Inventory Item Quick Report as of June 14, 2016 (**"Nestfadennudeln Pasta Sales"**) | Annexed as Exhibit C to the M. Kerzhner Declaration |
| 40 | ___ | ___ | Threeline's Quickbooks Inventory Item Quick Report as of June 14, 2016 (**"Schnittnudeln Pasta Sales"**) | Annexed as Exhibit D to the M. Kerzhner Declaration |
| 41 | ___ | ___ | Excerpts of the 2009-2012 federal income tax returns of Vernikov | Annexed as Exhibit I to the Reply Declaration of Anthony R. Filosa, Esq. dated June 15, 2016 (ECF Doc. No. 88) |
| 42 | ___ | ___ | Application of Vernikov dated May 9, 2015 for federal trademark registration of the "chicken and egg" trademark | ECF Doc. No. 88-10 (24 pages) |
| 43. | ___ | ___ | Bags of pasta bearing Threeline Registered Trademark | |
| 44. | ___ | ___ | Business card | Threeline 0004 |
| 45. | ___ | ___ | Trade show badge | Threeline 0005 |
| 46. | ___ | ___ | January 25, 2012 email chain between Vernikov and Alexander Kerzhner | Threeline 00043-00050 |
| 47. | ___ | ___ | January 24, 2012 email chain Between Vernikov and Alexander Kerzhner | Threeline 00051-00053 |
| 48. | ___ | ___ | February 8, 2012 email chain between Vernikov and Malvina | Threeline 01016-01024 |
| 49. | ___ | ___ | February 8, 2012 email chain between Vernikov and Malvina | Threeline 01029-01037 |

| 50. | ___ | ___ | Email from Vernikov to Leonid dated October 1, 2012 | Threeline 01025-01028 |
| 51. | ___ | ___ | Email from Vernikov to Malvina | Threeline 01046-01048 |
| 52. | ___ | ___ | Email from Pravda Media to Malvina dated October 9, 2012 | Threeline 01014-01015 |
| 53. | ___ | ___ | Email thread from Vernikov to Malvina dated December 21, 2012 | Threeline 00985-00989 |
| 54. | ___ | ___ | Threeline pasta sales invoices | Threeline 01205-01285 |
| 55. | ___ | ___ | Threeline pasta sales invoices | Threeline 01201-01202 |
| 56. | ___ | ___ | Threeline pasta sales invoices | Threeline 00929-00949 |
| 57. | ___ | ___ | Pickled tomatoes product label | Threeline 00950 |
| 58. | ___ | ___ | Threeline pasta sales invoices | Threeline 00951-00980 |
| 59. | ___ | ___ | Pasta product photographs and Sheepshead Bay Fruits and Vegatbles January 3, 2016 purchase receipts | Threeline 00981-0984 |
| 60. | ___ | ___ | December 12, 2012 email exchange between Alexander, Malvina and Vernikov | AK 0365 |
| 61. | ___ | ___ | December 10, 2012 email chain between Malvina, Alexander and Vernikov | AK 0366-0367 |
| 62. | ___ | ___ | January 2, 2013 email exchange between Malvina, Alexander and Vernikov | AK 0368 |
| 63. | ___ | ___ | Email exchange between Vernikov and Alexander dated September 6, 2012 | AK 0266-0268 |
| 64. | ___ | ___ | Interpage, Co. invoice to Sheepshead Bay Fruits dated December 7, 2015 | Sheepshead Bay Fruits 001 |

| 65. | ___ | ___ | Interpage Co. invoice to Brighton Bazaar dated January 5, 2016 | Brighton Bazaar 0018 |
| 66. | ___ | ___ | Threeline QuickBooks inventory quick report Buchstaben | Threeline 1285-1289 |
| 67. | ___ | ___ | Threeline QuickBooks inventory quick report Sternchen | Threeline 1290-1293 |
| 68. | ___ | ___ | Threeline QuickBooks inventory quick report Schleifchen | Threeline 1294-1301 |
| 69. | ___ | ___ | Threeline QuickBooks inventory quick report Hornchen | Threeline 1302-1305 |
| 70. | ___ | ___ | Threeline QuickBooks inventory quick report Schnittnudeln | Threeline 1306-1315 |
| 71. | ___ | ___ | Threeline QuickBooks inventory quick report Nestfadennudeln | Threeline 1316-1322 |
| 72. | ___ | ___ | Threeline QuickBooks inventory quick report Bandnudeln | Threeline 1323-1327 |
| 73. | ___ | ___ | Threeline QuickBooks Purchase By Vendor Detail | Threeline 1328 - 1329 |
| 74. | ___ | ___ | ALB-Gold invoices and payment documents | Threeline 00444-00451 |
| 75. | ___ | ___ | Plaintiff's Local Rule 56.1 Statement of Material Undisputed Facts dated May 5, 2016 | |
| 76. | ___ | ___ | Defendants' Response to | |

|     |     |     | Plaintiff's Local Rule 56.1 Statement of Material Undisputed Facts and Defendants' Counterstatement of Material Facts dated June 1, 2016 |     |
| --- | --- | --- | --- | --- |
| 77. | ___ | ___ | Plaintiff's Response to Defendants' Rule 56.1 Counterstatement of Material Facts dated June 15, 2016 |     |
| 78. | ___ | ___ | HSBC bank statements of Threeline | Threeline 478-918 |

Dated: Garden City, New York
      January 12, 2017

                                       **ROSENBERG FORTUNA & LAITMAN, LLP**

By:    /s/ Anthony R. Filosa

           **ANTHONY R. FILOSA**
           Attorneys for **Plaintiff**
           666 Old Country Road, Suite 810
           Garden City, New York 11530
           (516) 228-6666

# EXHIBIT

# G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THREELINE IMPORTS, INC.,

                                        Plaintiff,

                -against-

GRIGORIY VERNIKOV a/k/a "GREGORY
VERNIKOV", INTERPAGE INTERNATIONAL
INC. d/b/a "INTERPAGE CO."; and JOHN DOES
1-5 and XYZ COMPANIES,

                                   Defendants.
------------------------------------------------------------------------X

**DEFENDANTS'**
**PROPOSED**
**TRIAL EXHIBITS**

Civil Case No.:
15-cv-2333 (AMD)(RML)

       Defendants Grigoriy Vernikov and Interpage International Inc., dba Interpage Co.

("Interpage"), by their attorneys, Epstein Drangel, LLP, as and for its proposed trial exhibits,

intends to offer into evidence the following exhibits at the trial of this action[1]:

| EXHIBIT | I.D. | EV. | DESCRIPTION | BATES/ECF NO. |
|---|---|---|---|---|
| | | | Interpage Co. DBA filings | IPV588-590, 983-984 |
| | | | Interpage Int. Cert of Inc. | IPV1341-1348 |
| | | | Executed Agreements | IPV432-441, 455 – 465, 478 - 511, 528 – 562, 586 – 587, 946 - 956 |
| | | | Roshen Product Transactions | IPV 159, 242 – 247, 591 – 609, 611 - 612, 614 - 615, 619 – 621, 623 – 626, 628 – 630, 632 – 633, 652 |
| | | | Brivais Vilnis Product Transactions | IPV 164, 167, 239, 248 – 250, 255 – 256, 613 – 614, 616 – 618, 622, 627, 634 - 635, 653 |
| | | | Draft Franz Tress Agreement | IPV443-454 |

---

[1] The Parties have conferred and agreed to coordinate exhibits in order to avoid duplication since many of the exhibits will be used both by Plaintiff and Defendants. Defendants hereby reserve the right to use exhibits identified in Plaintiff's Proposed Trial Exhibit List.

| | | | Draft ALB-Gold Agreement | IPV466-477 |
|---|---|---|---|---|
| | | | ALB-Gold Interpage Pasta Invoices to Interpage | IPV221-222, 225-226, 231 - 232, 234-236, 2043-2044 |
| | | | ALB-Gold Interpage Pasta Sales Invoices to TL | IPV168-169 |
| | | | ALB-Gold Interpage Pasta Import Records | IPV117-125, 132 – 156 |
| | | | Threeline Website - Interpage Pasta | IPV 111-115 |
| | | | ALB-Gold Interpage Pasta Sales to Euphoria and Payment | IPV170, 231, 260 |
| | | | ALB-Gold Interpage Pasta Sales to Foodstock and Payment | IPV212-220, 223 – 224, 227 – 230, 233 |
| | | | ALB-Gold Interpage Pasta Sales to Others and Payment | IPV174-183, 1494-1495, 1511-1520, 1562-1565 |
| | | | ALB-Gold Commission Invoice & Payments | IPV 172 - 173, 259, 1412 |
| | | | Payments by TL on behalf of Interpage for products | IPV237-257 |
| | | | Trilini Payments | IPV1230-1233 |
| | | | Payments from TL to Interpage for products | IPV274-287, 866-867, 869, 876-877, 880-883, 898, 908 |
| | | | Interpage Payments to Lawyers | IPV265-271, 1054-1088 |
| | | | Interpage Invoices and Payments to Avaha | IPV288-300 |
| | | | Interpage/Vernikov Tax Returns 2009-2013 | IPV987-1053 |

| | | | Interpage Travel Expenses & Payments | IPV318-333 |
|---|---|---|---|---|
| | | | Interpage Products Purchases and Sales | IPV569-570, 591 - 638,  643, 646-650, 957-974, 1089-1134, 1242 – 1245, 1261- 1281, 1494 - 1504, 1562 - 1577, 1801 - 1879 |
| | | | E-mail chain b/w Interpage & ALB-Gold | IPV 334-373, 1148-1153, 1282-1340, 1349-1362, 1521 - 1545 |
| | | | Email chain b/w TL & ALB-Gold | TL1038-1074, AK 374 – 379 |
| | | | E-mail re: ALB-Gold containers -2012-2013 | IPV375-377 |
| | | | Interpage Pasta Label Mock-ups | IPV378-415, TL 996-1015 |
| | | | ALB-Gold Brochure | IPV1468-1480 |
| | | | E-mail chain and DW Shareholder Agreement | AK 323-336 |
| | | | DWC business card | IPV2029 |
| | | | 2013 Exhibit Space Contract | IPV2035 |
| | | | DW TM App., Marketing  & Container Expenses | IPV937-940, 942-944, 1212, 1228, 1365, 1379, 1065, 1069, 1085, 2030 - 2034 |
| | | | Photos Of Vernikov at Delicious Wonders Booth | IPV2024-2026 |
| | | | Payment for initial DW orders by Interpage | IPV1262, 1267, 1269, 940, 943 - 944 |
| | | | Photos of DELICIOUS WONDERS-branded products | IPV 2027-2034 |
| | | | E-mail re: DW Pasta and Cod Liver | IPV1295-1298 |

| | | | Sakhalin Production | SAKHALIN0001 – 0004, IPV 651 |
|---|---|---|---|---|
| | | | Cert of Inc. Interpage Co., Inc. | Katz0001-0002 |
| | | | By-laws for Interpage Co., Inc. | Katz003-0067 |
| | | | Interpage Co., Inc. bank records | Katz0068-155 |
| | | | E-mail and mock-ups | TL0087-90 |
| | | | FDA Communication | IPV2036-2040 |
| | | | A. Kerzhner/Interpage Correspondence | RFL 160 - 195 |
| | | | Declaration of L. Kerzhner in Support of PI Motion | Docket Entries No. 20 and 20-1 |
| | | | Pravda Bank Check | TL0875 |
| | | | Pravda Bank Check from HSBC | IPV2042 |
| | | | Esters Deli Warning Letter – 06-11-15 | AK027-38 |
| | | | DW Cod Liver in Packaging | Sample |
| | | | Interpage Cod Liver in Packaging | Sample |
| | | | Threeline Cod Liver in Package | Sample |
| | | | Bavarian Hot Fadennudeln Package | Sample |
| | | | Interpage Pasta Package | Sample |

4

| | | | Interpage Pasta Package | Sample |
|---|---|---|---|---|
| | | | Franz Tress Pasta Package | Sample |
| | | | Threeline Quickbooks Database Excerpts | IPV 2045 – 2070, 2 Threeline USB Memory Drives |
| | | | UPC Code Communication | IPV2041 |
| | | | ALB-Gold Threeline Invoices for Pasta | TL 444 - 476 |

Dated:  01/12/2017

Respectfully submitted,

EPSTEIN DRANGEL LLP

BY: /s/ Jason M. Drangel
Jason M. Drangel (JMD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AES 7715)
asands@ipcounselors.com
Spencer J. Wolgang (SW 2389)
swolgang@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

*Attorneys for Defendants*
*Grigoriy Vernikov a/k/a Gregory Vernikov*
and *Interpage International, Inc.* d/b/a
*Interpage Co.*